WASSON v WASSON

1. DIVORCE—CHILD SUPPORT—CONTEMPT.

A person may be punished for contempt of court if that person fails to pay money for the support and maintenance of minor children after having been ordered to do so (MCLA 552.201).

2. DIVORCE—CHILD SUPPORT—CONTEMPT—FRIEND OF THE COURT.

The friend of the court has the power to initiate contempt proceedings to collect any and all delinquent payments due for dependent minor children (MCLA 552.253; GCR 1963, 727.4).

3. DIVORCE—CHILD SUPPORT—CONTEMPT—AGE OF MAJORITY.

Support provisions of a judgment of divorce, entered during the minority of a child, are enforceable by contempt proceedings initiated after that child has reached the age of majority.

Appeal from Washtenaw, John X. Theiler, J. Submitted Division 2 December 10, 1973, at Lansing. (Docket No. 17054.) Decided March 7, 1974.

Complaint by Isaac Wasson against Paul Wasson for divorce. Divorce granted. The circuit court, upon petition of the Washtenaw County Friend of the Court, issued to defendant an order to show cause why he should not be punished for contempt for failing to comply with child support provisions of the divorce. Defendant's motion for summary judgment was denied, and the circuit court issued a supplemental order ordering defendant to pay arrearages in child support. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 24 Am Jur 2d, Divorce and Separation §§ 865–867.
Contempt proceedings to enforce decree or order in divorce or separation suit for support of children. 172 ALR 869.
[2] 24 Am Jur 2d, Divorce and Separation § 281.

Washtenaw County Friend of the Court (by *J. Michael Schroer)*, for plaintiff.

*Conlin, Kenney, Green, O'Hagan, Henry & Clark,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. Plaintiff and defendant were married on September 8, 1947. Two children were born of that marriage; Edwina Wasson, born January 19, 1950, and Jennifer Wasson, born February 24, 1951. Plaintiff and defendant were divorced, and a decree of divorce[1] was entered in the Washtenaw County Circuit Court on December 6, 1952. According to the decree of divorce, Mr. Wasson was ordered to pay $17.50 a week for the support of the minor children. Defendant was incarcerated in the State Prison of Southern Michigan from December of 1954 until February of 1957. On January 25, 1973, an order to show cause was issued by the Washtenaw County Circuit Court, directing defendant to show cause why he should not be held in contempt of court for failure to pay the accrued arrearage of $3,230.00 in child support.

Defendant's response to the above order was a motion for summary judgment on March 17, 1973. Defendant, relying upon GCR 1963, 117.2(1), said that plaintiff had "failed to state a claim upon which relief can be granted". The trial court denied defendant's motion for summary judgment on March 25, 1973. On May 22, 1973, the trial court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 600.112; MSA 27A.112. "The term 'judgment,' as used in this act, includes decree." 1961 PA 236, eff Jan 1, 1963, and GCR 1963, 518.1.

entered a supplemental order, setting the arrearage amount at $3,230.00 less an amount credited to defendant for the time he spent in prison. Plaintiff, pursuant to the Washtenaw County Friend of the Court's petition, claimed that a net amount of $1,247.50 in arrearage was now due. See, generally, MCLA 552.253; MSA 25.173 and GCR 1963, 727.4.

On January 19, 1971, Edwina reached the age of majority. On February 24, 1972, Jennifer did the same. Defendant has argued that the trial court committed reversible error when it decided that it had jurisdiction in a contempt proceeding to enforce an order to pay child support on unpaid arrearages which accrue before the children reach the age of majority, where the contempt action was commenced after the children reached that age.

This is a case of first impression in this state. According to MCLA 600.1701(5); MSA 27A.1701(5), the courts of this state may punish, for contempt of court:

"Parties to actions, attorneys, counselors, and all other persons for the nonpayment of any sum of money which the court has ordered to be paid, in cases where by law execution cannot be awarded for the collection of this sum, or the disobedience of or refusal to comply with any order of the court for the payment of temporary or permanent alimony or support money or costs made in any action for divorce or separate maintenance, or any other disobedience to any lawful order, decree, or process of the court."

A divorce court has jurisdiction to:

"require either parent to pay such allowance as may be deemed proper for the support of each child until each child shall have attained that age [18 years] and may in case of exceptional circumstances, require pay-

ment of such allowance for any child after he attains that age." MCLA 552.17a; MSA 25.97(1).

A person may be punished for contempt of court if that person fails "to pay money for the support and maintenance of minor children" after having been ordered to do so. MCLA 552.201; MSA 25.161. Finally, the Friend of the Court has the power to initiate contempt proceedings "to collect any and all delinquent payments due for * * * dependent minor children". MCLA 552.253; MSA 25.173. See also GCR 1963, 727.4. Defendant has argued that despite the above provisions, the circuit court lacked jurisdiction to enforce an order requiring the payment of child support by the use of the above contempt power in a contempt proceeding which was initiated subsequent to the date on which the children reached the age of majority.

There is a split of authority among the jurisdictions in this country on the above issue. Anno: *Power of Divorce Court, After Child Attained Majority, To Enforce By Contempt Proceedings Payment of Arrears of Child Support,* 32 ALR3d 888. It has been noted that seven jurisdictions, Indiana, Minnesota, Mississippi, Oklahoma, Washington, Wisconsin, and Florida, have held that the divorce court lacks jurisdiction in a contempt proceeding to enforce a previous order to pay child support on the unpaid arrearage which accrued before the child reached its majority age, where the contempt proceedings were initiated after the child reached majority age. 32 ALR3d 888, 889. On the other hand, the states of Arkansas, Illinois, New York, Oregon, and Texas:

"have held that a divorce court does have jurisdiction in a contempt proceeding to enforce an order to pay child support on unpaid instalments accruing before the child reached its majority, where such proceedings were

commenced after the child reached majority, reasoning that the jurisdiction of the court was a continuing one, and that the emancipation of the child should not serve to cancel the arrears." 32 ALR3d 888, 891.

In Michigan, our courts have exercised their jurisdiction to order a delinquent defendant to pay the amount of support owed to his minor child in a proceeding initiated after that child had reached the age of majority. *Rybinski v Rybinski,* 333 Mich 592, 597; 53 NW2d 386, 389 (1952).

In the case of *McFarlane v McFarlane,* 298 Mich 595, 598; 299 NW 728, 730 (1941), the Court said, "If it is a decree for alimony, plaintiff's remedy should have been by contempt proceedings before the court where the decree was entered instead of by bringing suit to obtain the judgment. It lies within the jurisdiction of the court in chancery to modify or enforce its decrees for alimony." In *Pronesti v Pronesti,* 368 Mich 453, 454; 118 NW2d 254, 255 (1962), defendant was subject to contempt proceedings initiated by plaintiff after defendant had refused to obey the divorce court's decree ordering defendant to pay child support. Such decree was entered on June 5, 1946, at a time when the two minor children were eight and ten years old respectively. Defendant was served with the show cause order in 1960, well beyond the date at which the children had reached the age of 17, the age at which defendant would have been free of his obligation. Without questioning the lower court's jurisdiction to hold the delinquent husband in contempt, *Pronesti* affirmed the decision of the trial court which had in fact relieved the husband of his obligation because of the "changed circumstances" involved in that dispute. 368 Mich 453, 458–459; 118 NW2d 254, 257.

While it involved the question of whether or not

a certain provision in a divorce decree, requiring the husband to support his children after they reach the age of 21, could be enforced against the husband by contempt proceedings, *Ovaitt v Ovaitt,* 43 Mich App 628, 629–630; 204 NW2d 753, 754–755 (1972), does contain some language which might be relevant to the instant case. *Ovaitt* held that this provision was enforceable by contempt proceedings, and that the order or judgment regarding the support and college expenses of these children could be enforced if the children were *"minors at the time of entry of such order or judgment".* 43 Mich App 628, 638; 204 NW2d 753, 758. (Emphasis in original.) *Ovaitt* referred to MCLA 552.151; MSA 25.151, noted that it was concerned "with the enforcement of support provisions of a judgment of divorce", and said:

"The language of this section also indicated that if the order was entered during the minority of the child that its terms are enforceable by contempt proceedings. We see no bar or prohibition to such enforcement in any of our statutes nor in the cases decided thus far." 43 Mich App 628, 639; 204 NW2d 753, 759.

Therefore, our Court has found that support provisions of a judgment of divorce, entered during the minority of a child, are enforceable by contempt proceedings initiated after that child has reached the age of majority.

In the instant case, the support order at issue was entered during the minority of the two children. The amount at issue accrued before these children reached the age of majority. The total arrearage was in fact reduced by the trial court, and defendant failed to argue that he does not owe the requested amount. Mrs. Wasson had to expend her own money to maintain her children, without

receiving the requested assistance from her husband. In all fairness, Mrs. Wasson should not be denied the use of contempt proceedings as an effective means to enforce her husband's duty to support his children. Since Michigan courts have apparently exercised their jurisdiction in somewhat similar proceedings, and because the statutes cited above regarding the power of the court to punish for contempt those who disobey orders for the payment of child support do not bar the initiation of proceedings such as the one at bar, we hold that the trial court was correct in its finding that it had the jurisdiction to enforce the support order at issue even though the contempt proceeding was initiated after the children had reached the age of majority.

Affirmed with costs to appellee.

All concurred.