520 P.2d 525

**The STATE of Arizona ex rel. Lucille
CORDOVA, Appellants,**

v.

**Meliton CORDOVA, Appellee.**

**No. 2 CA–CIV 1500.**

Court of Appeals of Arizona,
Division 2.

March 28, 1974.

Rehearing Denied May 1, 1974.

Gary K. Nelson, Atty. Gen., Phoenix by
Phyllis P. Sugar, Asst. Atty. Gen., Tucson,
and Charles L. Weninger, Certified Third
Year Law Student under Rule 28(e), for
appellants.

Benjamin W. Lazarow, P. C. by Michael
Lacey, Tucson, for appellee.

## OPINION

KRUCKER, Judge.

This appeal questions the jurisdiction of
Superior Court under the Uniform Recip-
rocal Enforcement of Support Act to en-
force by contempt payment of child sup-
port arrearages after the children have
been emancipated or have reached majori-
ty.

Appellant, Lucille Cordova, and appellee,
Meliton Cordova, were married in 1950 at
Albuquerque, New Mexico. Of this mar-
riage four children were born. In 1956 ap-
pellee left his wife and took up residence
in Tucson, Arizona. Shortly thereafter,
Mrs. Cordova initiated a complaint for
support under the Uniform Reciprocal En-
forcement of Support Act. An order to
show cause hearing was held in Pima
County resulting in an order requiring ap-
pellee to make support payments to appel-
lant and her children.

Between 1956 and 1972 appellee continu-
ously refused to make his support pay-
ments. On numerous occasions Mrs. Cor-
dova instituted reciprocal proceedings and
appellee was ordered to make payments for
support and arrearages.

In December, 1972, an order to show
cause why he should not be found in con-
tempt (under the Reciprocal Act) was di-
rected to appellee who was then $6,044.60
in arrears. He moved to quash the order
to show cause alleging that the Superior
Court had no jurisdiction to enforce pay-
ment of the arrearages by contempt be-
cause all the children had either been
emancipated or had reached majority. An
order was subsequently entered reducing
the $6,044.60 arrearages to judgment. The
motion to quash was also granted because
the court had no contempt power, all the
children having been emancipated.

On appeal, appellant contends that under
the Uniform Reciprocal Enforcement of
Support Act the court does have contempt
power even though the children have
reached majority or have been emancipat-
ed. The argument may be summarized as
follows. Under the Reciprocal Act the
duty of support includes the duty to pay
arrearages of support past due and unpaid.
A.R.S. § 12–1651(2). The duty to pay ar-
rearages is enforceable by a proceeding for

civil contempt. A.R.S. § 12–1658. Since the act does not specify that the arrearages must be for minor children, appellant contends that a superior court has the power to hold appellee in contempt for failure to pay arrearages.

Initially we should point out that our review of the record discloses the fact that one of the children in this case was still a minor at the time appellant commenced the show cause proceeding. However, the court expressly found that all children were emancipated. Appellant does not dispute this fact. Absent any evidence to the contrary, we assume that all the children are emancipated.

We are bound to follow the latest pronouncement of our Supreme Court on this subject. In Ruhsam v. Ruhsam, 110 Ariz. 326, 518 P.2d 576 (1974), modified, 110 Ariz. 426, 520 P.2d 298 (filed March 12, 1974), that Court stated:

"A.R.S. § 1–215, subsec. 4, as amended by Laws of 1972, provides that a 'child' means a person under the age of eighteen years. A.R.S. § 25–320, as amended by Laws of 1973, provides that a court may order either parent owing a duty of support to a child to pay an amount reasonable and necessary therefor. We consequently conclude that the Superior Court does not have the jurisdiction to enforce by contempt an order directing appellant to continue child support payments beyond the age of minority as fixed by the Legislature.

Until a child reaches his majority at the age of eighteen, a court may enforce its order for support by contempt. Where there is a contract for support, such as here, the contract may be enforced after the child reaches his majority only as other judgments for debt. Stone v. Stidham, 96 Ariz. 235, 393 P.2d 923 (1964)." 518 P.2d at 578.

In the instant case all the children have either been emancipated or have reached majority. Consequently, the court had no jurisdiction to hold appellee in contempt for the arrearages. Appellant had a judg-ment for $6,044.60, which she may enforce as a judgment for debt. The mere fact that this case arises under the Uniform Reciprocal Enforcement of Support Act does not, as appellant would have us hold, enlarge the jurisdiction of Superior Court.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.