553 P.2d 1251
**Mary E. JARVIS, Appellant,**

**v.**

**Thomas B. JARVIS, Appellee.**

**No. I CA–CIV 2852.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 8, 1976.

Rehearing Denied Aug. 23, 1976.

Petition for Review Denied Sept. 23, 1976.

Law Offices of Marvin Johnson, P.C., by Philip Gerard, Phoenix, for appellant.

Flynn, Kimerer, Thinnes & Derrick, by Clark L. Derrick, Phoenix, for appellee.

## OPINION

FROEB, Judge.

The parties were divorced in 1965. Pursuant to the written agreement of the parties, the court entered a decree, which, among other things, provided that appellant Mary E. Jarvis would have custody of the six minor children and appellee Thomas B. Jarvis would pay alimony and child support.

In 1972, appellant filed a petition for order to show cause against appellee, seeking an adjudication of contempt for his failure to pay alimony and child support and a judgment for arrearages. Appellee filed a cross-petition seeking modification of the 1965 decree and a reduction in future alimony and child support due to changed circumstances.

After a hearing, the trial court fixed the unpaid arrearage at $22,500 and ordered that it be paid at the rate of $400 per month, but did not enter judgment for the amount. In addition, the court modified the decree by reducing future amounts owed for monthly alimony and child support.

Appellant contends on appeal that she was entitled as a matter of law to entry of a judgment for the full amount of arrearages determined by the court. There is before us no question as to either the fact or the amount of the indebtedness. Appellee contends that the court, in the exercise of its discretion, may refuse to enter a written judgment. The question appears to be one of first impression in this jurisdiction.

We conclude that where the trial court establishes arrearage for past due and unpaid alimony or child support arising out of a divorce (dissolution) decree, the spouse entitled thereto may petition the court and obtain a written judgment for the full amount. We find that the duty of the court to enter judgment under such circumstances is mandatory and not discretionary.

In Arizona, installments of spousal maintenance and child support become vested when they become due. *McClanahan v. Hawkins,* 90 Ariz. 139, 367 P. 2d 196 (1961); *Baures v. Baures,* 13 Ariz. App. 515, 478 P.2d 130 (1970); *Badertscher v. Badertscher,* 10 Ariz.App. 501, 460

P.2d 37 (1969). Each installment as it becomes due is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment. *Adair v. Maricopa County Superior Court,* 44 Ariz. 139, 33 P.2d 995 (1934). In fact, execution may issue for the collection of past due installments without the necessity of obtaining a new judgment. See *Schuster v. Merrill,* 56 Ariz. 114, 106 P.2d 192 (1940).; *Chudzinski v. Chudzinski,* 26 Ariz.App. 130, 546 P.2d 1139 (1976); *Bruce v. Froeb,* 15 Ariz.App. 306, 488 P.2d 662 (1971).

Moreover, while the court has continuing jurisdiction to modify a decree for maintenance or support, it may not do so retroactively. A.R.S. § 25–327; *McClanahan v. Hawkins,* supra.

By reason of the foregoing, we find that appellant had a vested right to the arrearage and was entitled to judgment for the amount determined by the trial court.

It follows, then, that the order of the trial court providing that appellee pay the arrearage in monthly installments of $400 was in error, as, in effect, this would constitute a retroactive modification of the decree. See *Starkey v. Starkey,* 40 Wash.2d 307, 242 P.2d 1048 (1952). A court may, however, provide for payment of arrearage in installments in order to allow a debtor spouse to purge a finding of contempt for willful failure to pay. Under such circumstances, the court would nevertheless have a duty to enter judgment, but it could allow the contempt to be purged by payment of not less than a stated monthly amount upon the accrued arrearage. See *Igney v. Igney,* 303 Ill.App. 563, 25 N.E.2d 608 (1940). In the case before us, the court expressly found that the arrearage was not the result of a willful failure to pay and it therefore did not find appellee in contempt.

■ The next question for review is whether appellant was entitled to interest on the arrearage. In view of the fact that each installment of maintenance and support is vested as it becomes due, it constitutes legal indebtedness for which the law allows the imposition of interest at the legal rate of six per cent per annum. A.R.S. § 44–1201. Interest accrues from the date each installment becomes due and owing. See *Arnold v. Arnold,* 258 Iowa 850, 140 N.W.2d 874 (1966) and cases collected in Annot. 33 A.L.R.2d 1455 (1954), "Right to interest on unpaid alimony." See, also, 45 Am.Jur.2d, *Interest and Usury,* § 59.

■ Finally, appellant contends that the trial court was without authority to modify the amount of continuing alimony and child support as there was no evidence of a material change in circumstances. At the time of the divorce, appellee agreed to pay $240 per month for each minor child residing with appellant and the sum of $800 per month for the support of appellant. Following the hearing, the court reduced the support for the two minor children then living with appellant to $175 per month per child and reduced support for appellant to $400 per month.

We find that there is sufficient evidence to warrant the modification and that. to have done so was not an abuse of discretion. The record shows that, at the time of the divorce, appellant did not work and devoted her full time to caring for the six minor children. At the time of the hearing, only two minor children remained in the home, the younger being 13 years old. The evidence indicated, among other things, that appellant had obtained employment earning $4.50 per hour for 36 to 38 hours per week.

Where, as here, there is sufficient evidence of a substantial and continuing change in circumstances as required by A.R.S. § 25–327, we cannot say the court abused its discretion in reducing maintenance and child support. We have previously said that:

If a proper change of circumstances is proven, the trial court has the jurisdiction to order modification of support orders in the exercise of its sound judicial discretion. *For an abuse of discretion to*

*exist, the record must be devoid of competent evidence to support the decision.* [*Platt v. Platt,* 17 Ariz.App. 458, 459, 498 P.2d 532, 533; emphasis added.]

For the reasons stated, the judgment is affirmed in part and reversed in part and the case is remanded to the trial court for entry of amended judgment consistent with this opinion.

DONOFRIO, P. J., and OGG, J., concurring.