584 P.2d 1184

**Jack R. HARDING, Appellant,**

v.

**Joan Elizabeth Harding SUTHERLIN, Appellee.**

**No. 1 CA–CIV 3652.**

Court of Appeals of Arizona,
Division 1, Department B.

May 11, 1978.

Rehearing Denied Sept. 8, 1978.

Review Denied Oct. 5, 1978.

194

Kanne & Bickart by Lawrence J. Marks, Allen B. Bickart, Phoenix, for appellant.

Tupper, Schlosser & Schulz by Gerald D. Tupper, Phoenix, for appellee.

OPINION

WREN, Judge.

Jack and Joan Harding were divorced in 1959. Custody of their two minor children was awarded to Joan and the decree provided that Jack pay monthly support on their behalf in the total amount of $100.00 per month. In 1963 Jack was adjudicated $5,300.00 in arrears in his support obligation. In 1965 his arrearages were adjudicated to be $6,500.00 and he was found in contempt of court and incarcerated for five days in the Maricopa County Jail. In 1966

arrearages were established at $6,750.00. In July 1969 Jack was again adjudicated in arrears in his child support payments in the amount of $9,610.00 and was found in contempt of court. On August 18, 1969 a written judgment was entered in favor of Joan. Thereafter, on August 22, 1969, Jack moved to amend the judgment on the basis that it failed to comply with the court's minute entry order and was not obtained in conformance with the provisions of Rule 58(d), Rules of Civil Procedure, 16 A.R.S. Pursuant to this motion the trial court on October 10, 1969, by a minute entry order, vacated the written judgment and ordered Jack to "comply with Rule 58, Rules of Civil Procedure." No written judgment was thereafter filed by either party.

In the meantime, on August 20, 1969, Jack obtained a temporary restraining order which restrained and enjoined Joan,

"from garnishing, attempting to garnish, or collecting upon any garnishment, attaching, attempting to attach, or collecting upon any attachment, or executing or attempting to execute, or collecting upon any execution, pendente lite. . . ."

On December 9, 1969 the temporary restraining order issued by the court in August was ordered to continue "in full force and effect until further order of the Court."[1]

On November 8, 1974, Joan petitioned for an order to show cause to obtain, inter alia, $10,360.00 in support arrearages, $9,610.00 of which was established in July of 1969, and to have Jack found in contempt of court for non-payment. In response, Jack moved to quash the petition and order to show cause on the ground that $9,610.00 of the arrearages sought by Joan were barred from enforcement by the provisions of A.R.S. § 12–1551. At this time A.R.S. § 12–1551 stated in part:[2]

"A. The party in whose favor a judgment is given may, at any time within

1. The record contains no further entry relating to the December 9, 1969 order. We assume therefore the December 9, 1969 order is still in effect.

2. A.R.S. § 12–1551 was amended in 1976, Laws 1976, Ch. 130, § 2.

five years after entry of the judgment, have a writ of execution issued for its enforcement.

"B. No execution shall be issued upon a judgment after the expiration of five years from the date of its entry unless the judgment is renewed by affidavit or an action is brought thereon within five years from the date of the entry."

Instead of granting the motion to bar collection of the judgment the trial court, finding no written order vacating the 1969 judgment, entered an order permitting either party to prepare a formal order vacating the 1969 judgment. A written order was prepared and signed by the court and Joan thereafter moved for entry of judgment relating to the $9,610.00 in arrearages found by the court in 1969 and for $750.00 in additional arrearages.[3] The court rejected Jack's argument that recovery of the $9,610.00 was barred by A.R.S. § 12–1551 and a written judgment for $9,610.00 was entered in favor of Joan.

While questions have been raised regarding the validity and effect of the 1969 written judgment vis-a-vis the statutory bar imposed by A.R.S. § 12–1551, the vacation of that judgment in 1969 and 1975, and the entry of judgment for $9,610.00 in 1975, we find it unnecessary to resolve these issues since the validity of these acts is irrelevant to the determination of this appeal.

■ In Arizona child support installments become vested when due and each installment as it falls due "is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment." *Jarvis v. Jarvis*, 27 Ariz. App. 266, 268, 553 P.2d 1251, 1253 (1976). Execution may issue to collect unpaid installments without the necessity of obtaining a judgment for arrearages. *Jarvis v. Jarvis*.[4] In *Schuster v. Merrill*, 56 Ariz. 114, 106 P.2d 192 (1940), our Supreme Court stated that § 4210, Rev.Code 1928, predeces-

sor to A.R.S. § 12–1551, did not apply to a judgment rendered payable in installments (in the present case, the 1959 divorce decree), but did apply to each installment as it became due.

■ In the present case, it is undisputed that the $9,610.00 in installment arrearages accrued and became due more than five years before the filing of Joan's 1974 petition, and neither the 1969 judgment for arrearages nor the past due installments prior to July 1969 were revived by affidavit or court action. Thus the question here presented is whether, as Joan contends, the five year period of limitations on judgments in A.R.S. § 12–1551 was suspended during the time the 1969 injunction against execution was in effect. We hold the answer is yes. Our decision is based on the leading case of *Wakefield v. Brown*, 38 Minn. 361, 37 N.W. 788 (1888), which dealt with a Minnesota statute similar to A.R.S. § 12–1551. The reasoning of the Minnesota court, which we adopt, is as follows:

"At common law, the right to sue out an execution in a personal action was limited to a year and a day from the entry of judgment. . . . This limitation of the common law was as inflexible and as positive as that of our statute; yet it was well established at common law that when the plaintiff had judgment with stay of execution, or execution was stayed by injunction, the plaintiff might sue out an execution within one year after the stay terminated or the injunction was dissolved. . . . The reason for this is that, the stay of execution being with the consent and for the benefit of the judgment debtor, and the injunction . . . being his own act, he should not take advantage of them, nor could he be surprised or prejudiced by the delay, because that delay was in fact referable to himself. It would be unreasonable and inconsistent for the law to

---

**3.** The correctness of the $750.00 in alleged additional arrearages is not disputed on appeal.

**4.** Although obtaining a judgment with respect to support arrearages is not required, the party entitled to the past due support may petition

the court to obtain a written judgment for the full amount and the trial court has a mandatory duty to enter a judgment under such circumstances. *Jarvis v. Jarvis*.

present to a party, in one hand, a command to do an act within a certain time under the penalty of losing his rights, and, with the other hand, restrain him from doing the act. For this reason, the time during which the plaintiff was thus prevented by the law from issuing execution was at common law excluded from the year allowed for that purpose. [Citations omitted.] Analogous in principle are those cases in which the courts have frequently made exceptions to the operation of statutes of limitation, though exception for such causes were not provided for in the statutes; . . . The limitation of the statute, of the right to issue execution, to five years, is strictly analogous to the common-law limitation of a year and a day. The only change is one of time. In enacting such a statute, it is not to be presumed, notwithstanding its general terms, that the legislature intended to ignore or change the common-law rules for the computation of time under the limitation. On the contrary, in the absence of express provisions to the contrary, it is to be presumed that they enacted the statute with reference to these rules, and that they intended them to continue to apply." *Wakefield v. Brown*, 37 N.W. at 790.

For the reasons stated above, we hold that the trial court correctly ruled that Joan was not barred by the provisions of A.R.S. § 12–1551 from collecting unpaid support obligations accruing prior to July 1969. Also, because of our resolution of that issue, it is unnecessary to determine the question regarding allocation of support payments made subsequent to July 1969.

Judgment affirmed.

JACOBSON, Acting P. J., and OGG, J., concur.