139 Ariz. 346 (1984)
678 P.2d 531
Patricia Ann TANDE, Petitioner/Appellant,
v.
Gary D. BONGIOVANNI, Respondent/Appellee.
No. 2 CA-CIV 4947.
Court of Appeals of Arizona, Division 2.
February 29, 1984.
*347 Stephen D. Neely, Pima County Atty. by Edward C. Wong, Deputy County Atty., Tucson, for petitioner/appellant.
John P. Collins, Tucson, for respondent/appellee.
OPINION
HOWARD, Judge.
The sole issue for determination in this appeal is whether an action may be maintained under the Uniform Reciprocal Enforcement of Support Act, A.R.S. §§ 12-1651, et seq. (URESA), for arrearages in child support payments accruing during the children's minority, where the children for whom the support was originally ordered reach the age of majority during the pendency of the action. The appeal was taken from the trial court's denial of appellant's motion for a new trial following the court's dismissal of the action, and we have jurisdiction pursuant to A.R.S. § 12-2101(F)(1).
Appellant Tande and appellee Bongiovanni were married in Nevada in 1962. Two children were born to them in 1962 and 1964. The parties were divorced in California in 1965, and appellee was ordered to pay child support in the amount of $150 per month. From May 1, 1974, through July *348 31, 1976, appellant and her children received welfare assistance from Contra Costa County, and apparently pursuant to a California court order appellee was required to reimburse the county for those payments. Appellant and her children subsequently moved to Virginia, and proceedings under URESA were commenced there in August 1980.
Since appellee had moved to Arizona, the proceedings were transferred to Arizona as the responding state. A.R.S. § 12-1663. Appellee was served, entered an appearance and offered to confess judgment admitting that he was the father of the children and owed a duty of support to them, but was financially unable to pay support funds. Following a hearing on December 17, 1980, at which appellee testified, the court found that appellee had made no child support payments for a period of ten years, other than partial reimbursement to Contra Costa County for welfare payments. Appellee was ordered to pay $75 per month in support of the one remaining minor child, but the matter of the total amount of arrearages was held in abeyance pending clarification of the amount of the payments made to Contra Costa County. Appellee was further ordered to cooperate with the county attorney's office in determining the amount of those payments.
For reasons which do not appear in the record, no further action was taken until a petition for wage assignment was filed on September 29, 1982, alleging arrearages under the court's prior order. The matter was finally heard on February 25, 1983, at which time counsel for appellee moved to dismiss the action on the grounds, inter alia, that appellee had paid all amounts ordered during the pendency of the action and that both children had reached their majority. After argument, the court entered the following order:
"It appearing to the Court that the Respondent is current on any amounts ordered during the pendency of the action in Pima County, and
IT FURTHER APPEARING that the minors are of the age of eighteen at the present time, and
IT FURTHER APPEARING that to further pursue the matter would be in the nature of obtaining a personal judgment for the Petitioner for monies due over a ten year period when the children were minors, and
IT IS THE FINDING OF THE COURT that the Reciprocal Support Act was not intended to afford the type of relief requested, and
IT IS ORDERED that this action be dismissed without any prejudice toward any attempt of the Petitioner in filing a regular claim under the other statutes of the State of Arizona."
Appellant filed a motion for a new trial, contending that under URESA the superior court had not only the power but also the duty to determine arrearages. From the trial court's denial of that motion, this appeal followed.
The purpose of URESA is to provide a means of enforcing a duty of support. Westberry v. Reynolds, 134 Ariz. 29, 653 P.2d 379 (App. 1982); State ex rel. Arvayo v. Guerrero, 21 Ariz. App. 173, 517 P.2d 526 (1973). The act does not create any substantive rights, but rather provides a remedy for enforcing rights. It is in addition to and not in substitution for any other remedies which may be available. A.R.S. § 12-1652. Before the remedial provisions of the act may be invoked, there must be a duty of support imposed upon the respondent which gives the petitioner the right to a remedy. State ex rel. Arvayo v. Guerrero, supra.
The act defines "duty of support" somewhat tautologically as:
"... a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid." (Emphasis added.) A.R.S. § 12-1651.
*349 The emphasized language was added during the 1968 revisions of the act (adopted in Arizona in 1970), which were "designed to plug loopholes and cure defects in the enforcement procedure." Uniform Reciprocal Enforcement of Support Act (1968 Revised Act), Commissioners' Prefatory Note. The existence of a duty to support is governed by the law of the responding state, in this case, Arizona. A.R.S. § 12-1656; State ex rel. Cordova v. Cordova, 21 Ariz. App. 431, 520 P.2d 525 (1974); State ex rel. Arvayo v. Guerrero, supra.
Under Arizona law, child support ordered payable in installments becomes vested upon the due date of each installment. Each installment is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment. Harding v. Sutherlin, 120 Ariz. 193, 584 P.2d 1184 (App. 1978); Jarvis v. Jarvis, 27 Ariz. App. 266, 553 P.2d 1251 (1976). Although it is unnecessary to obtain a judgment for arrearages in order for execution to issue on past due installments, if a party petitions the court for a written judgment for the full amount of the arrearages, the trial court has a mandatory duty to enter such a judgment. Jarvis v. Jarvis, supra.
Appellee argues that the trial court has no authority under URESA to enter a judgment for arrearages once the minor children have reached majority, citing State ex rel. Cordova v. Cordova, supra. His reliance is misplaced. In that case, the petitioner sought not only a judgment for arrearages, but also to enforce that judgment by contempt. The only issue on appeal was whether the judgment could be enforced by contempt where the children had reached majority. The court's decision that enforcement by contempt under these circumstances was beyond the trial court's jurisdiction was based on its determination that such proceedings were not permissible under Arizona law and that URESA did not operate to expand the jurisdiction of the Arizona courts. In so holding, the court implicitly recognized that the entry of a judgment for arrearages was within the trial court's jurisdiction notwithstanding the fact that the children were no longer minors. In this case, appellant is not seeking to enforce payment through contempt proceedings, but only to obtain a judgment for arrearages. Cordova supports, rather than undermines, her position.
Appellee further contends that, since the children are no longer minors and appellant is under no duty to expend any funds recovered in this action for their benefit, the county attorney is in effect representing a private party seeking to enforce a private debt. The act's provision for public representation is for the purpose of protecting minor children, appellee argues, and once the children are no longer minors, no public purpose is served by permitting the county attorney to represent petitioners under URESA. Appellee cites A.R.S. § 12-2456, which provides:
"A. The county attorney may represent any party seeking to establish or enforce a duty of child support, regardless of the welfare or non-welfare status of the person to whom the support payment is made. The county attorney may enforce such a support order by all means available, including all civil and criminal remedies provided by law.
B. The county attorney shall not represent any party under this section on any ancillary matters raised in such proceedings including a petition for modification of child support."
However, this statute is part of the Family Responsibility Act, A.R.S. 12 §§ 2451, et seq., which provides a separate, nonexclusive remedy for enforcing child support. See Pflum v. Pflum, 135 Ariz. 304, 660 P.2d 1231 (App. 1982). Even if it were applicable, however, this statute confers the same duty on the county attorney as does URESA, that is, to represent any party seeking to enforce a duty of support. See A.R.S. §§ 12-1658, 12-1667 and 12-1668. That is precisely what the county attorney is attempting to do in the instant case.
Appellee admitted to the trial court his duty to support his children. Applying Arizona law to determine the extent of his *350 duty, as URESA requires, it is clear that her children's attainment of majority does not preclude appellant from obtaining a judgment for arrearages. Further, there is nothing in URESA which would support the conclusion that the remedies afforded by that act are limited to proceedings involving minor children. To the contrary, it has been held that the right to recover arrearages which accrued during a child's minority is specifically enforceable under URESA. Dorsey v. Dorsey, 86 Ill. App.3d 1043, 42 Ill.Dec. 124, 408 N.E.2d 502 (1980). Accordingly, we hold that the trial court erred in dismissing appellant's action.
The trial court's order denying the motion for new trial is vacated, and the judgment of dismissal is reversed.
BIRDSALL, C.J., and HATHAWAY, J., concur.