688 P.2d 1012

**Patricia Ann TANDE, Petitioner/Appellant,**

v.

**Gary D. BONGIOVANNI, Respondent/Appellee.**

**No. 17571–PR.**

Supreme Court of Arizona, In Banc.

Oct. 11, 1984.

Stephen D. Neely, Pima County Atty. by Edward C. Wong, Deputy County Atty., Tucson, for petitioner/appellant.

Collins, Pray & Riddle by John P. Collins, Tucson, for respondent/appellee.

CAMERON, Justice.

The husband, Gary D. Bongiovanni, brought this petition for review of an adverse decision of the Court of Appeals,

*Tande v. Bongiovanni,* 139 Ariz. 346, 678 P.2d 531 (1984). We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and A.R.S. § 12–120.24.

We consider only one question on review and that is, may a judgment for arrearages in child support payments under the Revised Uniform Reciprocal Enforcement of Support Act, A.R.S. §§ 12–1651, et seq., be enforced by contempt of court after the child reaches the age of majority?

The facts follow. On 13 February 1962, the husband and Patricia Ann Tande, the wife, were married in Reno, Nevada. Two children were born, one in 1962 and one in 1964. In 1965, in Contra Costa County, California, they were divorced. The wife was granted custody of the children and the husband was ordered to pay child support of $75 per month per child. The record indicates he made only a few of the required payments.

In 1980, the wife, who had moved to Virginia in the interim, commenced support proceedings against the husband under URESA. Arizona was the responding state under the statutes because the husband lived here. After a hearing held on 17 December 1980, the court found the husband had not made payments for ten years and ordered him to pay $75 per month to support the one remaining minor child. The court specifically held the issue of arrearages in abeyance pending clarification of the amount due. The husband paid the $75 per month payments until the child reached the age of eighteen. The issue of the arrearages, however, remained unresolved. In September, 1982, the Pima County Attorney's Office filed a petition for wage assignment on behalf of the wife under A.R.S. § 12–1661, alleging six months of arrearages under the court order of 1981. In February, 1983, the trial court dismissed the action because it found all post-1981 payments had been made and the request for pre-1981 arrearages constituted a claim that the court did not have jurisdiction to entertain because the children were no longer minors. The court stated the dismissal was without prejudice toward any attempt by the wife to file a claim under the other statutes of this state for recovery of a debt. She appealed.

The Court of Appeals reversed. It held a judgment for arrearages is within the jurisdiction of the trial court under URESA even though the children are no longer minors. The court further held, however, that contempt was not a proper way to enforce the court decree, citing *State ex rel. Cordova v. Cordova,* 21 Ariz.App. 431, 520 P.2d 525 (1974). We granted the husband's petition for review to consider only the question of the use of the power of contempt of court to enforce payment of the amount in arrears.

We agree with the Court of Appeals in its determination that the amount of the arrearages is payable by the husband even though the children are no longer minors, and we approve the decision and opinion of the Court of Appeals as to that issue. We disagree, however, with the Court of Appeals that contempt is unavailable as a remedy to enforce the trial court's order under URESA if the children have reached majority.

In Cordova, supra, relied upon by the Court of Appeals, the court held that contempt was not available to enforce a judgment for arrearages in child support after the child has reached majority. The court stated:

> The mere fact that this case arises under the Uniform Reciprocal Enforcement of Support Act does not, as appellant would have us hold, enlarge the jurisdiction of Superior Court.

*Id.* at 432, 520 P.2d at 526. Rehearing was denied but there was no petition for review to this court. The court in *Cordova* relied on *Ruhsam v. Ruhsam,* 110 Ariz. 326, 518 P.2d 576, modified on other grounds, 110 Ariz. 426, 520 P.2d 298 (1974), as holding contempt is unavailable. In *Ruhsam,* under the terms of a post-nuptial agreement incorporated into the court's decree, the husband was ordered to pay child support of $100 per child per month until the child reached the age of majority, which at the time of divorce was twenty-one. After the

legislature changed the age of majority to eighteen, the husband contended he did not have to pay after the children reached that age. The trial court held the intent of the parties was to create a support obligation until the children were twenty-one, not until they reached their respective majorities. We stated:

> We therefore hold that under the contract of the parties, by the use of the word "majority," Hugh P.V. Ruhsam became indebted to Joan M. Ruhsam for the sum of $100.00 a month for each of his three children until each reached the age of twenty-one years.

> However, we do not think the post-nuptial agreement can be enforced by contempt nor, apparently, did the trial court, for its order was more in the nature of a pronouncement of the rights of the parties than a finding that appellant was in contempt of court.

> A.R.S. § 1–215, subsec. 4, as amended by Laws of 1972, provides that a "child" means a person under the age of eighteen years. A.R.S. § 25–320, as amended by Laws of 1973, provides that a court may order either parent owing a duty of support to a child to pay an amount reasonable and necessary therefor. We consequently conclude that the Superior Court does not have the jurisdiction to enforce by contempt an order directing appellant to continue child support payments beyond the age of minority as fixed by the Legislature.

> Until a child reaches his majority at the age of eighteen, a court may enforce its order for support by contempt. Where there is a contract for support, such as here, the contract may be enforced after the child reaches his majority only as other judgments for debt. *Stone v. Stidham*, 96 Ariz. 235, 393 P.2d 923 (1964).

*Rusham* 110 Ariz. at 328, 518 P.2d at 578. The wife was attempting to collect support after the child reached legal majority, pursuant to the post-nuptial agreement. The duty of support was based on the contract, not on a court order to provide child support for a minor child. The case relied on

by this court in *Rusham, Stone v. Stidham*, supra, was also a contract case, specifically a community property settlement contract. The instant case is not a contract case but a case wherein the wife is attempting to collect court-ordered child support for the period during which the child was a minor. *Ruhsam* and *Stone*, therefore, do not apply, and the Court of Appeals erroneously relied on those cases in *Cordova*. We believe there is a difference when the case arises under URESA rather than contract.

**■ URESA states:**

**How duties of support enforced**

All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this article, including a proceeding for civil contempt. The defense that the parties are immune to suit because of their relationship as husband and wife or parent and child is not available to the obligor.

A.R.S. § 12–1658. There is admittedly a split in authority regarding whether contempt may be used to enforce a support order in these circumstances. *See* Annot., POWER OF DIVORCE COURT, AFTER CHILD ATTAINED MAJORITY, TO ENFORCE BY CONTEMPT PROCEEDINGS PAYMENT OF ARREARS OF CHILD SUPPORT, 32 A.L.R.3d 888 (1970) and cases cited therein. Though none of the cases cited in the annotation arise out of URESA actions, we find the logic of the cases cited persuasive, particularly because the remedies available under URESA are not exclusive and in fact are in addition to any other remedies available. A.R.S. § 12–1652. The principal rationale of those cases, which apparently form the majority view, holding contempt may not be used is

> "that the court's jurisdiction to enforce support money judgments by the extraordinary remedy of contempt is predicated upon the continued dependency of the children, and the need to insure support for these children during their minority. However, when a child reaches majority,

the purpose and justification for this extreme remedy terminates."

(quoting *Fox v. Fox*, 56 Ill.App.3d 446, 448, 14 Ill.Dec. 201, 202, 371 N.E.2d 1254, 1255 (1978)).

\* \* \* \* \* \*

The principal rationale on the other side, which has not been articulated quite as well, seems to be that, in the absence of some statutory provision to the contrary, disobedience of a court order to pay child support remains as contumacious after the child loses his dependency as before. The affront to the court is the same. The Michigan court noted as well the element of fairness in *Wasson v. Wasson*, supra, footnote 6, 52 Mich.App. 91, 216 N.W.2d 594, 597. The mother had to expend her own money to maintain the children, and "[i]n all fairness ... should not be denied the use of contempt proceedings as an effective means to enforce her husband's duty to support his children."

Yet another consideration, which may be especially germane in this case, is that if the custodial parent loses the remedy of contempt once the child becomes emancipated or of age, and is left only with the ability to execute judgment on the obligor's property, he or she may be left with no effective remedy at all. An obligor who has little or no property subject to attachment and who is crafty or simply fortunate enough to elude the law's grasp until his children are 18 or on their own may escape his legal and parental obligation entirely. The effect of this, of course, is to impose upon the custodial spouse, or, as in this case, largely upon society, the financial burden that is rightfully and lawfully his without any practical means of redress.

*Green v. Green*, 44 Md.App. 136, 141–42, 407 A.2d 1178, 1181–82 (1979), rev'd on other grounds, 288 Md. 127, 415 A.2d 1131 (1980).

We think the minority view is the better one. We believe the trial court should be able to use the remedy of contempt to discourage attempts to stall payments until the children involved reach majority and thereby possibly avoid support obligations. We therefore vacate that part of the Court of Appeals opinion which states contempt may not be used. The use of contempt in support proceedings is appropriate even if the children have reached majority. We also overrule Cordova to the extent it is inconsistent with this opinion.

The opinion of the Court of Appeals is approved in part and vacated in part. The matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.