840 P.2d 311

**In re the Marriage of Manuela RAMIREZ, formerly known as Manuela Ramirez Alarcon, Petitioner/Appellant,**

**and**

**Fermin Frank Alarcon, Respondent/Appellee.**

**No. 2 CA–CV 92–0109.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 29, 1992.

---

Stephen D. Neely, Pima Co. Atty. by David A. Sands, Tucson, for petitioner/appellant.

## OPINION

FERNANDEZ, Judge.

Appellant Manuela Ramirez appeals from the dismissal of her request to enforce child support, arguing that the trial court improperly determined sua sponte that she lacked standing to pursue her claim. We agree that the trial court erred and reverse.

Ramirez's marriage to appellee Fermin Alarcon was dissolved in January 1982. The decree of dissolution required Alarcon to pay $300 per month as support for each of the parties' two children, commencing February 6, 1982. In June 1991, Ramirez filed a request to enforce the support order, alleging that Alarcon owed her $37,800 in unpaid support.

■ After an evidentiary hearing, the trial court found that the children had been adopted by their paternal grandmother in May 1987; that Ramirez sought arrearages for the period from February 1982 through April 1987, prior to the adoption; and that the amount of arrearages was $37,800. The court subsequently ruled that Ramirez lacked standing to proceed under A.R.S. § 12–2453(D) of the Family Responsibility Act because she is no longer a parent and that her right to collect past-due support did not survive the adoption.

Subsection D of A.R.S. § 12–2453 provides as follows:

> The right of a parent, guardian or custodian or the department of economic security to receive child support payments as provided in the court order vests periodically. Such an order is continuing from the date of entry and is not barred from enforcement except as provided in subsection E of this section.

Subsection E provides a three-year limitations period for any of the parties listed in subsection D to file suit after the emancipation of the youngest of the children for whom support has been ordered. Alarcon did not raise the statute of limitations in this case. Because that is an affirmative defense that must be pleaded and proved, his failure to raise it waives the issue. Rules 8(d) and 12(i), Ariz.R.Civ.P., 16 A.R.S.; *Sparks v. Republic National Life Insurance Co.*, 132 Ariz. 529, 647 P.2d 1127, *cert. denied*, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982).

The trial court based its ruling on the language of A.R.S. § 8–117(B), which reads as follows:

> Upon entry of the decree of adoption, the relationship of parent and child between the adopted person and the persons who were his parents just prior to the decree of adoption shall be completely severed and all the legal rights, privileges, duties, obligations and other legal consequences of the relationship shall cease to exist....

The trial court ruled that the right to collect child support is a "legal right" within the meaning of § 8–117 and the unpaid support is a "legal consequence" of the parent-child relationship, neither of which survived the adoption. There is no question that once the children were adopted, Ramirez's right to collect support from Alarcon ceased. As the trial court found, however, Ramirez's request for unpaid support seeks amounts due only between the date of the decree and the date of the adoption.

■ The trial court's interpretation of § 12–2453 focused on the language listing the parties entitled to receive support, reading it as requiring that the person be a

"parent, guardian or custodian" at the time suit is filed to enforce a support order. That interpretation, however, ignores the language that follows, that the right to receive payments vests periodically. As Division One of this court has noted, "In Arizona, installments of spousal maintenance and child support become vested when they become due. [Citations omitted.] Each installment as it becomes due is in the nature of a final judgment conclusively establishing the rights and duties of the parties to that installment." *Jarvis v. Jarvis*, 27 Ariz.App. 266, 267–68, 553 P.2d 1251, 1252–53 (1976). *Accord McClanahan v. Hawkins*, 90 Ariz. 139, 367 P.2d 196 (1961); *Tande v. Bongiovanni*, 139 Ariz. 346, 678 P.2d 531 (App.), *approved on that ground*, 142 Ariz. 120, 688 P.2d 1012 (1984); *Harding v. Sutherlin*, 120 Ariz. 193, 584 P.2d 1184 (App.1978).

█ The adoption statute provides that a former parent's legal rights "shall cease to exist" at the time an adoption order is entered. A.R.S. § 8–117(B). Thus, Ramirez's right to receive support ceased in May 1987 when the adoption became final. Adoption statutes, however, must be strictly construed. *Lee v. Superior Court*, 25 Ariz.App. 55, 540 P.2d 1274 (1975). We find nothing in the language of § 8–117 that affects legal rights that were vested before the order was entered. Pursuant to both § 12–2453(D) and Arizona case law, Ramirez's right to collect support during the period at issue, February 1982 through April 1987, was vested at the time the adoption order was entered.

We conclude, therefore, that the trial court erred in ruling that Ramirez lacked standing to pursue her request to enforce support. Because the trial court previously found that the amount of the arrearages totalled $37,800, we remand with directions to enter judgment in favor of Ramirez in that amount.

DRUKE, P.J., and HATHAWAY, J., concur.