# Supreme Court of the Navajo Nation

**Harry Yazzie, Appellant,**

v.

**Stephanie Yazzie,**
**a/k/a Stephanie Phillips, Appellee.**
**Decided June 21, 1996**

## OPINION

Before YAZZIE, Chief Justice, CADMAN, and JOHNSON* (*by designation),
Associate Justices.

Robert Curley, Esq., Tuba City, Navajo Nation (Arizona), for the Appellant; and
William C. Horton, Esq., Phoenix, Arizona, for the Appellee.

Opinion delivered by YAZZIE, Chief Justice.

This is an appeal from a Tuba City Family Court decision on child support modification and arrearages. On January 17, 1984, the Tuba City District Court granted a divorce between Appellant Harry Yazzie (father), and Appellee Stephanie Yazzie, a/k/a Stephanie Phillips (mother). The parties agreed that the father would pay $400 per month as child support. The court entered a stipulated order on January 17, 1984. The father has not paid child support for the past ten years.

The mother first attempted to get a judgment on the accrued arrearage through the Coconino County Superior Court, which decided that the issues must be resolved in the Navajo Nation courts. On November 15, 1993, the mother petitioned the Tuba City Family Court for an order to show cause why the father should not be held in contempt for failure to pay child support, for a judgment to fix the arrearages, and to increase the amount of child support.

The father was not properly served with the order to show cause pursuant to Rule 4(b) (3) (A) of the Navajo Rules of Civil Procedure. He was not served personally, by certified mail, or by publication, but nonetheless, he received a notice of hearing issued by the court. The father moved to dismiss the petition for lack of proper service of process, but the motion was denied.

The Family Court determined that the father had not paid child support for ten years and the accumulated arrearages totaled $48,000. Judgment was entered in favor of the mother, awarding her the arrearages plus ten percent interest on the lump sum, or $4,800. The Family Court also increased the monthly child support

from $400 to $540. Finally, the court ordered that the father's wages be garnished in the amount of $1,000 per month, with $540 going to child support and $460 toward the arrearages.

# I

The issues before the Court are as follows:

1. Whether the Tuba City Family Court abused its discretion in denying the father's motion to dismiss the petition for a lack of proper service of process;

2. Whether the Tuba City Family Court abused its discretion in assessing interest on the arrearages; and

3. Whether the Tuba City Family Court abused its discretion in granting an increase in child support payments.

# II

The father claims that the Family Court abused its discretion when it denied his motion to dismiss the petition for improper service of process. This Court has stated that "the primary purpose for having rules of service is to ensure the parties are notified and have an opportunity to defend." *Peterson v. Frontier Ford Corp.*, 2 Nav. R. 36, 41 (1979).

The father was not served with process by the methods prescribed by the Navajo Rules of Civil Procedure. He was, however, present and accompanied by counsel at the hearing on the order to show cause. Further, he was prepared to argue his case. Any violation of the service rules was cured by the father's appearance. He was provided with notice and an opportunity to be heard, done through the notice of hearing served by the court. At no time did the father argue that he was prejudiced by the lack of proper service.

The child's best interests are paramount. Allowing the father to avoid his obligation to his child due to a nonprejudicial, procedural error is contrary to the common law of the Navajo People. Under Navajo custom, "a father of a child owes the child ... the duty of support." *Tom v. Tom*, 4 Nav. R. 12, 13 (1983). As stated in *Arviso v. Dahozy*, 3 Nav. R. 84, 85 (1982), "[t]he primary party to be considered ... is the child, and providing for her support is the goal." Under Navajo common law, a crier for a *Naat'aanii* would give oral notice to those interested in a problem. When the people arrived to "talk things out," it would be very unusual for someone to say the discussion cannot proceed because notice was not given in a particular way. So long as a person had fair and sufficient notice of the proceeding, that was all that was required.

We find the Tuba City Family Court did not abuse its discretion in denying the father's motion to dismiss for lack of proper service.

## III

The father contends that the Family Court abused its discretion in imposing interest on the arrearages because no Navajo Nation statute allows for such interest. He claims that no interest should be imposed. Imposing interest on arrearages is within the power of the Navajo Nation courts to enforce their judgments. The trial court has the discretion to set a reasonable amount of interest. *See Descheenie v. Mariano*, 6 Nav. R. 26, 28 (1988).

In determining the interest rate, the Family Court looked to guidelines of the Arizona Child Support Enforcement Agency. Arizona imposes a flat ten percent interest rate, A.R.S. § 44-1201 (1994), and that was applied by the Family Court. The father has not shown that ten percent is unreasonable and we find no abuse of discretion by the Family Court in applying that rate.

The mother argues that interest should be calculated monthly, rather than on the lump sum. She argues that because each delinquent child support payment is a judgment, the interest should be calculated on each month's judgment. We agree with the mother because, as one court put it, "[e]ach installment of ... support is vested as it becomes due, ... constitut[ing] legal indebtedness for which the law allows the imposition of interest...." *Jarvis v. Jarvis*, 553 P.2d 1251, 1253 (Ariz. Ct. App. 1976) (citing A.R.S. § 44-1201). Each month that child support is due and not paid is an accruing judgment. Interest can be properly assessed on that delinquent judgment.

The following formula shall be used by our courts in calculating interest on delinquent child support. A ten percent interest rate shall be applied. This interest rate shall be calculated on a month-to-month basis. To make the calculation, multiply the principal balance due (the delinquent child support amount for that month) by the interest rate (10%). Then divide that figure by the number of days in the year (365). The result is the daily interest figure. Next, multiply the daily interest figure by the number of days that interest is owed (the number of days in the month, i.e., 29, 30, 31), and the result is the next amount owed for that month.

For example, to calculate the sum owed on $400 per month, first multiply the amount past due for the first month ($400) by the interest rate (10%). That is $40. Then divide that figure by 365. That is .109589, the daily interest figure. Next, multiply the daily interest figure by the number of days in that month. For example, if the first month for which child support is past due is April, which has 30 days, multiply .109589 by 30. The result ($3.29) is the interest owed for the first month.

If May goes unpaid also, then take the principal balance due $803.29 ($403.29 plus the $400 for May), and multiply it by ten percent. That is 80.329. Now divide 80.329 by 365, giving you the daily interest figure of .2200795. Multiply the daily interest figure by the number of days in May (31). The amount of interest on the balance owed is $6.82. This process is continued for each month child support is not paid. It is a compound interest formula, which means the interest

is added to the principal each month. The purpose of assessing interest on the arrearages is not to penalize or punish. Interest is used to reach an equitable amount to be paid. This formula will be used as an incentive for the parent paying child support to pay on time.

This issue shall be remanded to the Family Court to calculate interest consistent with this opinion. After recalculation, the Family Court can enter another order garnishing appellant's wages.

## IV

This opinion will give future guidance to trial judges and potential petitioners who want a child support decree modified. The following will set out the proper procedure for applying for the modification of child support. It will set the guidelines for determining sufficient cause for a child support modification.

Modification of a monthly child support decree is within the discretion of the trial court. *Joe v. Joe*, 1 Nav. R. 320 (1978). Child support awards are modifiable, upwards or downwards, on a showing of changed circumstances. Recently the Navajo Nation Council enacted legislation on child support enforcement. Section 8 (F) of the *The Navajo Nation Child Support Enforcement Act* (1994), Navajo Nation Council Resolution No. 95-01 (enacted Dec. 20, 1994), provides the procedure for modifying child support: "Either parent may *petition* the hearing officer for an order based on a *showing of a change of circumstances* requiring the other parent to appear and show cause why the decision previously entered should not be prospectively modified." (emphasis supplied). This Act will apply to courts as well.

The method to apply to the court for modification under the Act is by petition. This method requires that the individual be served with process under Rule 4(b) (3) (A) of the Navajo Nation Rules of Civil Procedure. It is important that this Act be made applicable in the Navajo courts so that the law is uniform throughout the Navajo Nation. In addition, it should be emphasized that the Act applies for non-AFDC cases. The Act will be liberally construed so that cases involving child support are not dismissed due to a nonprejudicial, procedural error when the purpose of the rule should be served.

We dispense with the former "substantial change in circumstances" rule, *Brown v. Brown*, 3 Nav. R. 239 (1982), in favor of the language set out in the *Navajo Nation Child Support Enforcement Act* (1994): "a showing of a change of circumstances." The change of circumstances standard is less stringent than the former rule. Even though the Act was not applied by the Family Court, the modification is not an abuse of power because a higher standard was used by the Family Court. Therefore, it should pass under the Act's less stringent standard.

In this case, the Family Court found many changes since the original decree was filed, which justify increasing the monthly child support amount. At the time of the original decree, the child was a one-year old. She is now eleven years old.

Her needs have increased in many aspects: 1) she eats more than when she was an infant; 2) her clothes are more expensive; and 3) she has to pay tuition to the private school she attends. The parental circumstances have also changed. Her mother does not have a steady income to provide her daughter with these necessities. The mother and her parents pool their income to provide for her daughter. The father is capable and has the resources to pay the increased child support and the arrearages.

The Family Court based its determination upon the evidence presented and the testimony of the parties, and came to the conclusion that an increase in child support was warranted. The Family Court did not abuse its discretion when it ordered an increase in the amount of child support.

The Family Court judgment is AFFIRMED in part, REVERSED in part, and REMANDED with instructions.