NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

BENNY PERALTA, JR., *Petitioner/Appellee*,

*v.*

KUNISHA LADINA MURRAY, *Respondent/Appellant*.

No. 1 CA-CV 21-0708 FC
FILED 7-12-2022

Appeal from the Superior Court in Maricopa County
No. FC2013-004324
The Honorable Aryeh D. Schwartz, Judge

**AFFIRMED**

COUNSEL

Law Office of Carlos L. Estrada, Phoenix
By Carlos L. Estrada
*Counsel for Petitioner/Appellee*

Kunisha Ladina Murray, Address Protected
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

_____

**C R U Z**, Judge:

¶1        Kunisha Ladina Murray ("Mother") appeals the superior court's order affirming sole legal decision-making authority in favor of Benny Peralta, Jr. ("Father") and enforcing Mother's child-support obligation. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        The superior court dissolved the parties' marriage in 2014 and ordered joint legal decision-making authority over their two minor children. The parties shifted between sole and joint legal decision-making authority over the years. Beginning in 2018, the superior court awarded Father sole legal decision-making authority. In 2018 and 2019, the court ordered Mother to participate in therapeutic counseling with the children and to undergo a psychological examination.

¶3        Following Father's February 2020 petition to modify child support, the superior court ordered Mother to pay Father child support in the amount of $617 per month. Shortly thereafter, Father filed a petition to enforce the child support order. The court entered judgments on past-due child support and in favor of Father for attorneys' fees related to the petition to enforce child support. Mother did not appeal either judgment.

¶4        In October 2020, Mother filed a petition to enforce parenting time and a petition to modify legal decision-making authority, requesting sole legal decision-making authority. Father filed a petition to modify parenting time, seeking supervised parenting time for Mother, and to enforce child support, alleging that Mother was still in arrears. After an evidentiary hearing on the three petitions, the superior court denied Mother's petitions and affirmed its previous rulings granting sole legal decision-making authority to Father. The court also granted Father's petition to enforce child support and entered a separate judgment for past-due child support.

¶5          We have jurisdiction over Mother's timely appeal under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[1]

## DISCUSSION

I.     Legal Decision-Making Authority and Parenting Time

¶6          Mother argues the superior court erred in awarding Father sole legal decision-making authority and custody.[2]   Mother makes no substantive argument on appeal other than to say the court awarded decision-making authority to the wrong parent and she was being "punished" for her failure to comply with court orders.

¶7          We review orders concerning legal decision-making and parenting time for an abuse of discretion.  *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013).   The court abuses its discretion if the record lacks competent supporting evidence.  *Borg v. Borg*, 3 Ariz. App. 274, 277 (1966).

¶8          Arizona's public policy provides that "absent evidence to the contrary, it is in a child's best interests . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents [and t]o have both parents participate in decision-making about the child."  A.R.S. § 25-103(B).  The court must determine if parenting time and decision-making authority is in the best interests of the child.  A.R.S. § 25-403(A).

¶9          Here, the superior court performed a best-interests analysis in compliance with the statute and made detailed findings.  The court found that it was in the children's best interests that Father have sole legal decision-making authority.   To maximize Mother's parenting time, the court also ordered supervised parenting time to the extent it is in the children's best interests.   In support of its rulings, the court found that Mother had failed to participate in court-ordered therapeutic counseling, had failed to undergo a court-ordered psychological evaluation, and had

---

[1]          *But see* footnote 2.

[2]          We interpret Mother's reference to "custody" to include a challenge to the supervised parenting-time order, following the legislature's 2012 replacement of the term "custody" with "legal decision-making and parenting time" in Title 25. *See Baker v. Meyer*, 237 Ariz. 112, 114, ¶ 7 n.2 (App. 2015).

engaged in concerning behavior, such as contacting the Department of Child Services with unsubstantiated allegations against Father. The court stated it had concerns about Mother's mental health and that a psychological evaluation was still necessary before her parenting time could be expanded and she could be awarded any legal decision-making authority. Because the record supports these findings, we uphold the court's ruling.

II.     Child Support Enforcement

¶10     Mother also challenges the superior court's ruling enforcing her child support obligation. We have no jurisdiction to address Mother's argument challenging the October 2020 attorney-fee judgment, which she did not appeal. *In re Marriage of Gray*, 144 Ariz. 89, 90 (1985) (stating "the timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review"); ARCAP 9(a) (30-day deadline to file notice of appeal).

¶11     We accept the superior court's factual findings unless they are clearly erroneous. *Burnette v. Bender*, 184 Ariz. 301, 304 (App. 1995), *superseded by statute on other grounds as recognized by Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8 (App. 2014).

¶12     Mother argues that child support is not her "responsibility" and she has "[her] own bills and family to provide for." First, we note that Mother has an obligation to support her children by paying child support. *See* A.R.S. § 25-501(A) (every person has a duty to provide support for that person's children); A.R.S. § 25-501(C) (all other financial obligations are secondary to the obligation to pay child support). Regardless, Mother's argument is inapposite because Mother appeals the superior court's ruling enforcing child support, not the actual award of child support. Thus, we address enforcement only. The right to collect child support payments vests when the payments are due. *Jarvis v. Jarvis*, 27 Ariz. App. 266, 267 (1976). Payments not made by the due date create a judgment that conclusively establishes the debtor-parent's obligations. *Id.* at 268.

¶13     In its ruling granting Father's petition for enforcement of child support, the court noted that (1) Father testified that Mother has not made any child support payments except for a $500 purge payment; (2) Father testified in support of his pretrial statement that the total amount of past due child support for the period March 1, 2020 through July 31, 2021 is $9,989; and (3) Mother testified that she paid a $500 purge payment in October 2020 and has not made any other child support payments since March 2020. The court then issued a separate judgment in the amount of

$9,989 for past due child support. Although Mother did not provide a transcript on appeal, we presume the missing transcript supports the superior court's ruling. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). Even without the transcript, however, the record independently supports the court's ruling. Therefore, the court did not err in enforcing child support.

**CONCLUSION**

¶14        For the foregoing reasons, we affirm the superior court's order. We award costs to Father upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA