OPINION
 

 EHRLICH, Judge.
 

 ¶ 1 Mary Rose Alley appeals from the trial court’s ruling granting Manford K. Stevens’ “Petition for Order to Show Cause re: Termination of Wage Assignment and Arrear-age/Overpayment Calculation” (“Petition”). Alley urges this court to reverse the finding that Stevens had completely satisfied his support obligations. She claims that a significant debt remains outstanding on the judgment, and he responds that he has paid more than what was owed. We agree with both parties to the extent that there must be a new calculation of support arrearage. Accordingly, we reverse the trial court’s order granting Stevens’ Petition and remand for further proceedings, with the exception that we affirm the court’s order denying attorney’s fees to either party.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2 On February 25, 1993, the trial court awarded Alley $48,213.03 in child-support ar-rearage ($27,701.56 in principal and $20,511.47 in interest) plus interest on these amounts as provided by law. In addition, the court awarded Alley costs of $66.25 and attorney’s fees of $16,071.01 completely “related to support obligations” and “not dis-chargeable in a bankruptcy proceeding.” Stevens was ordered to pay $450 per month via wage assignment beginning March 1, 1993, and, between 1993 and 2003, Stevens made numerous payments pursuant to this order.
 

 ¶ 3 On September 13, 2002, Stevens filed his Petition. He asserted not only that he “has completely satisfied his ongoing child support obligation
 
 [1]
 
 and his arrearage obligation” but maintained that he had overpaid the judgment. The trial court conducted a hearing, referred the matter to the clerk of the court’s Family Support Center Expedited Services and scheduled another hearing.
 

 ¶ 4 On January 23, 2003, the Arizona Attorney General’s Office filed an “Arrears Calculation” with the trial court and Expedited Services. In turn, Teresa Vargas of Expedited Services prepared her report, stating that, “[b]ased on the Attorney General’s calculation ... [t]he balance on the initial judgment of $48,213.03 has been paid in full.” She made no mention of the court’s award to Alley costs of $66.25 and attorney’s fees of $16,071.01. Rather, Vargas recommended that Stevens’ “obligation to pay child support terminate effective immediately.” The court adopted Vargas’ recommendations and filed
 
 *418
 
 an order advising Stevens’ employer to stop withholding funds per the wage assignment.
 

 ¶ 5 The trial court then conducted a hearing,
 
 [2]
 
 ordered the parties to submit supplemental memoranda, which they did, and subsequently granted Stevens’ petition. Alley filed a “Motion for New Trial, Reconsideration, to Alter or Amend Judgment and Clarification” and a “Motion for Relief from Judgment” to which Stevens did not respond. The court denied her motions, and she appealed.
 

 DISCUSSION
 

 ¶ 6 Alley presents several issues, the primary one being whether Stevens has fully paid his support arrearage pursuant to the 1993 judgment. We “accept the trial court’s findings of fact unless they are clearly erroneous.”
 
 Burnette v. Bender,
 
 184 Ariz. 301, 304, 90 P.2d 1986, 1989 (App.1995). However, we are not bound by the trial court’s conclusions of law; such questions are reviewed de novo.
 
 Id.; In re Marriage of Pownall,
 
 197 Ariz. 577, 580 ¶ 7, 5 P.3d 911, 914 (App.2000).
 

 ¶7 The right to collect child-support payments vests when the payments are due.
 
 Jarvis v. Jarvis,
 
 27 Ariz.App. 266, 267, 553 P.2d 1251, 1252 (1976). Payments not made by the due date create a judgment that conclusively establishes the creditor-parent’s rights to those payments and establishes the debtor-parent’s obligations.
 
 Id.
 
 at 268, 553 P.2d at 1253. Because support arrearage is a legal debt, a parent-creditor also is due interest at the statutory rate based on the date the payment was due,
 
 see
 
 Ariz.Rev.Stat. (“A.R.S.”) § 44-1201 (2003);
 
 Jarvis,
 
 27 Ariz. App. at 268, 553 P.2d at 1253, interest calculated as simple, not compound.
 
 Westberry v. Reynolds,
 
 134 Ariz. 29, 34, 653 P.2d 379, 384 (App.1982).
 

 ¶ 8 The trial court adopted Vargas’ conclusion that Stevens had paid the judgment in full. However, the record clearly shows that Stevens’ payments were not properly applied to the arrearage and interest balances and that neither Vargas nor the trial court included the costs and attorney’s fees previously awarded Alley.
 

 ¶ 9 The support payment clearinghouse has authority to accept and distribute child-support funds “in the following priority ... [p]ast due support reduced to judgment and then to associated interest.” A.R.S. § 25-510(A)(4) (2000). This provision of A.R.S. § 25-510 that directs payment to principal before interest was not adopted until 1998, more than five years after the judgment against Stevens. Indeed, Stevens’ payments made after the clearinghouse began processing payments in December 1998 were applied first toward principal and then toward interest pursuant to this statute. The dispute is about payments made from the date of the judgment in 1993 through November 1998, and these payments must be calculated pursuant to the law then in effect.
 
 See Martin v. Martin,
 
 198 Ariz. 135, 138 ¶ 13, 7 P.3d 144, 147 (App.2000) (holding that the provision of A.R.S. § 25-510 that requires payments to apply first to principal and then to interest does not apply to support payments made before the statute was in effect).
 

 ¶ 10 Arizona has adopted the “United States Rule” for support payments made before the statute’s effective date: Payments toward an outstanding debt are first applied to the interest and then to the principal.
 
 Id.
 
 at 138 ¶¶ 14-15, 7 P.3d at 147;
 
 see Story v. Livingston,
 
 38 U.S. (13 Pet.) 359, 371, 10 L.Ed. 200 (1839). Pursuant to this rule, Stevens’ payments made before December 1998 must be applied to interest arrearage first and to principal arrearage second. Then, pursuant to A.R.S. § 25-510(A)(4), payments made after November 30, 1998, are to be applied to principal arrearage first and to interest arrearage second.
 

 ¶ 11 Alley contends that the termination of Stevens’ support obligation is also in error because it ignores the judgment for costs and attorney’s fees that are part of the support order. The trial court approved and adopted Vargas’ recommendation that Stevens’ “obligation to pay child support terminate effective immediately.” Section 25-
 
 *419
 
 621(21) (2000), A.R.S., defines a support order as including a judgment or order for attorney’s fees and costs. Moreover, A.R.S. § 25-503(1) (2003) provides that “[njotwith-standing any other law, formal written judgments for support and for associated costs and attorney fees are ... enforceable until paid in full.” As such, one’s obligation to pay support pursuant to a judgment cannot be terminated when that judgment includes unpaid costs and attorney’s fees associated with that support. For this reason also, it was error for the court to grant Stevens’ Petition.
 
 [3]
 

 ¶ 12 Alley also appeals the trial court’s failure to award her costs and attorney’s fees in defending against Stevens. Section 25-324 (2000), A.R.S., provides that a court may, after considering the parties’ financial resources and the reasonableness of their positions, award one party attorney’s fees, but the court is not required to do so, and the failure to award fees in a child-support matter will not be reversed unless the court abused its discretion.
 
 See Kelsey v. Kelsey,
 
 186 Ariz. 49, 53, 918 P.2d 1067, 1071 (App.1996). Upon our review of the record, we find no abuse of its discretion.
 
 [4]
 

 ¶ 13 Both parties request appellate attorney’s fees, which, in the exercise of our discretion, we decline to award. However, the trial court may do so upon the conclusion of this case.
 

 CONCLUSION
 

 ¶ 14 The judgment is reversed and remanded to the trial court with the exception that the trial court’s ruling on attorney’s fees is affirmed.
 

 CONCURRING: LAWRENCE F. WINTHROP, and JOHN C. GEMMILL, Judges.
 

 [1]
 

 1. When the judgment was entered, the parties’ children were emancipated, and the parties have never disputed that Stevens' "current" obligation had ended by that time. The judgment and the dispute about its satisfaction relate only to ar-rearage.
 

 [2]
 

 . Stevens had successfully moved to vacate the hearing based upon the court’s adoption of Vargas' report. Upon Alley’s subsequent objection, however, the court reinstated the hearing.
 

 [3]
 

 . Stevens argues that the trial court erred in allowing a hearing on Vargas’ report. First, Stevens did not appeal and thus is precluded from presenting this issue. Second, the trial court has broad discretion in such matters and will only be reversed if there is a clear abuse of its discretion to the prejudice of one party. When the court referred the parties to Expedited Services, it simultaneously scheduled a hearing on the expected report. Although the court later vacated that hearing at Stevens’ request, it did not abuse its discretion when it reinstated the hearing at Alley's request. Further, Stevens was not prejudiced because the hearing ultimately resulted in the court granting his Petition.
 

 [4]
 

 . Alley argues that the trial court erred in denying her "Motions for New Trial, Reconsideration, to Alter or Amend Judgment and Clarification.” This issue is now moot. Other issues presented by Alley such as the applicability of the statute of limitations, whether a judgment for attorney’s fees and costs bears interest and whether the 1993 order was a "support order” have been conceded by Stevens and need not be addressed on appeal.