NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MICHELLE NOORDA, *Petitioner/Appellant,*

*v.*

JOSEPH RASOR, II, *Respondent/Appellee.*

No. 1 CA-CV 16-0062FC
FILED 12-30-16

Appeal from the Superior Court in Maricopa County
Nos. FC2012-094116 and FC2012-094117
(Consolidated)
The Honorable James D. Smith, Judge

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART**

APPEARANCES

Larson Law Office PLLC, Mesa
By Robert L. Larson
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

**O R O Z C O**, Judge:

¶1        Michelle Rasor Noorda (Mother) appeals the date of the termination of her spousal maintenance, the modification of child support, and denial of her request to find Joseph Rasor II (Father) in contempt of court.  For the following reasons, we affirm in part, reverse in part, and remand for proceedings consistent with this decision.

¶2        Mother and Father married in 1996 and had six children.  The marriage was dissolved by consent decree in April 2013.  Father agreed to pay Mother $1122 in monthly child support and $1700 per month in spousal maintenance, commencing February 1, 2013, followed by $1500 per month from February 1, 2014 until January 31, 2015.  Father was ordered to pay spousal maintenance until January 31, 2015, or until Mother remarried.  Mother remarried on May 1, 2013.

¶3        In June 2013, Mother filed a request to terminate spousal maintenance, modify child support, and hold Father in contempt for failing to pay child support and spousal maintenance.  Mother calculated Father's child support payment at $1533.34 per month and Father contended he owed Mother $519.80 per month.  The trial court held a hearing in December 2013.

¶4        In an unsigned order, the court terminated Mother's spousal maintenance award effective May 1, 2013, and adjusted Father's child support payment to $609.80 per month, effective September 1, 2013.  The court denied Mother's contempt request, and the order was silent as to the issue of attorney fees.

¶5        Mother attempted to commence an appeal.  This court dismissed Mother's appeal, because Mother's request for attorney fees was unresolved, and there was no final judgment.  *Noorda v. Rasor*, No. 1 CA-CV 14-0232.

¶6        Mother requested a final signed order from the trial court resolving all issues and provided a proposed form of judgment, which included a denial of Mother's request for attorney fees.  The court adopted Mother's form of judgment as submitted, and Mother timely appealed.

**DISCUSSION**

¶7        Mother argues the trial court erred in finding Father owed no spousal maintenance for May 2013.  In addition, Mother contends the court committed reversible error in its calculation of child support when it:  1)

attributed income to Mother beyond her earning potential; 2) considered the income of a non-parent; 3) failed to properly apply Arizona's income-sharing requirement; and 4) entered orders without facts to support its decision. Finally, Mother argues the court abused its discretion by failing to find Father in contempt of court when he failed to pay spousal maintenance and child support and declined to award attorney fees to Mother.[1]

## I.     Court's Determination of Spousal Maintenance Termination

**¶8**        We review a trial court's spousal maintenance determination for an abuse of discretion, and will uphold the decision if there is "any reasonable evidence to support it."  *Helland v. Helland*, 236 Ariz. 197, 202, ¶ 22 (App. 2014).  Unless otherwise agreed to, "[t]he obligation to pay future maintenance is terminated on . . . the remarriage of the party receiving maintenance."  A.R.S. § 25-327.B.

**¶9**        Mother argues the court erred by failing to find Father owed the full amount of maintenance for the month of May.  Mother contends Father owed spousal maintenance as soon as the payment came due, which she asserts was May 1, 2013, at 12:00 a.m.  She maintains her remarriage on that same day did not absolve Father of his May spousal maintenance payment obligation.

**¶10**        The record supports the court's termination of spousal maintenance and determination Father owed no maintenance for May 2013.  The court found Father's maintenance obligation terminated May 1, 2013, the date Mother remarried.  *See Palmer v. Palmer*, 217 Ariz. 67, 71, ¶ 13 (App. 2007) (holding a maintenance obligation automatically terminates upon remarriage of the receiving spouse by operation of law pursuant to A.R.S. § 25-327.B).  Mother's position, that she is entitled to spousal maintenance for a period during which she was married, finds no support in law.  We therefore find no error.

## II.    Child Support Calculation

**¶11**        Mother asks us to reevaluate the court's calculation of child support to determine whether the trial court erred in its computation.

---

[1]        Father did not file an answering brief, which we may find is a confession of error.  In the exercise of our discretion, however, we choose to address the issues on their merits.  *See Gonzales v. Gonzales*, 134 Ariz. 437 (App. 1982) ("Although we may regard this failure to respond as a confession of reversible error, we are not required to do so.").

Mother contends the child support calculation was incorrect because the court improperly imputed $4000 as her monthly gross income.

¶12            Pursuant to A.R.S. § 25-320.A, "the court may order either or both parents owing a duty of support to a child . . . to pay an amount reasonable and necessary for support of the child." As authorized by A.R.S. § 25-320.D, the Arizona Supreme Court promulgated the Arizona Child Support Guidelines (Guidelines) to establish "a standard of support for children consistent with their needs and the ability of parents to pay, and to make child support awards consistent for persons in similar circumstances." *Cummings v. Cummings*, 182 Ariz. 383, 385 (App. 1994). "[S]upport is based on the gross income of both parents." *Id.*

¶13            In determining the appropriate support amount, the court must apply the Guidelines, and order the result calculated therefrom "unless a written finding is made . . . that application of the guidelines would be inappropriate or unjust in a particular case." A.R.S. § 25-320.D. We review a court's child support determination for an abuse of discretion, and its application of the Guidelines de novo. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21 (App. 2008). We adopt the trial court's finding of fact unless clearly erroneous. *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6 (App. 2010).

¶14            Mother testified she earned $900 per month, but that her expenses exceeded $8000 per month. These expenses included mortgage payments, family health insurance and other living expenses. The difference between Mother's income and her expenses is paid by Mother's new husband, who earns $10,500 per month. The trial court relied on *Cummings* and "consider[ed] all aspects of Mother's income" to ensure a just award "based on the total financial resources of the parents." 182 Ariz. 383, 386 (App. 1994). The trial court determined, because Mother had access to more financial resources, "[a]ttributing only $900.00 per month to Mother, or even minimum wage, is unfair and unjust under the circumstances of this particular case" and calculated Mother's gross income at $4000 per month.

¶15            The trial court's consideration of income beyond Mother's earning capacity and consideration of Mother's new husband's income was error. *See* Guidelines at Section 5(F) (2011) ("Only income of persons having a legal duty of support shall be treated as income . . . For example, income of a parent's new spouse is not treated as income of that spouse."). We, therefore, conclude the court erred in considering Mother's new husband's income, and, we remand to the trial court to recalculate the child support.

Because we remand to the trial court, we need not consider Mother's income sharing argument.

## III. Contempt

### A. Court's Denial of Mother's Contempt Request

**¶16** Mother concedes that filing a petition for special action is the proper procedure for reviewing a trial court's contempt determination; as a result, she urges us to treat her argument on this issue as a petition for special action.

**¶17** There is no direct right of appeal from a court's contempt determination. *See Danielson v. Evans*, 201 Ariz. 401, 441, ¶ 35 (App. 2001). However, in our discretion, we can treat an appeal as a request for special action and accept jurisdiction. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003). We review a court's determination related to a contempt finding for an abuse of discretion, accepting all factual findings unless clearly erroneous. *Stoddard v. Donahoe*, 224 Ariz. 152, 154-55, ¶ 9 (App. 2010). In our discretion, we elect to treat Mother's appeal as one for special action and accept jurisdiction but deny relief.

**¶18** The consent decree dissolving Mother and Father's marriage was filed in April 2013. In June 2013, Mother requested the court hold Father in contempt and alleged Father failed to make payments as required by the decree. When the court asked Mother what she wanted the court to do with her request to hold Father in contempt, she stated she hoped the court would order Father to comply with a payment plan. The court subsequently initiated a purge order for the maintenance and child support arrearages. On this record, we do not find the court abused its discretion in declining Mother's contempt request.

## IV. Attorney Fees

**¶19** "We review a trial court's denial of a party's request for an award of attorney fees for an abuse of discretion." *In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 8 (App. 2008). The court may award fees, but is not required to do so. *Alley v. Stevens*, 209 Ariz. 426, 429, ¶ 12 (App. 2004). Pursuant to A.R.S. § 25-324.A, a court can "consider[] the financial resources of both parties and the reasonableness of the positions each party has taken" and award fees. The trial court has no obligation to make specific findings in reaching its fee determination, in the absence of a request. *Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 10 (App. 2014) (holding no findings of fact in support of a fee request determination are necessary

unless requested).  On appeal, this "court must assume that the trial court found every fact necessary to support its judgment and must affirm if any reasonable construction of the evidence justifies the decision."  *Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982).

**¶20**      Mother argues Father's failure to pay child support was "unreasonable to the core."  However, Mother fails to identify any of Father's unreasonable *legal positions* or point to any part of the record to support her argument, and the trial court was silent as to the reasons for its decision.  *See In re Marriage of Williams*, 219 Ariz. 546, 548, ¶ 10 (App. 2008) (considering a party's reasonableness of their legal position to determine whether a fee award under A.R.S. § 25-324 was proper).

**¶21**      Because we find no evidence Father took an unreasonable position in this litigation, we cannot say the trial court erred in declining Mother's request for fees.  *See* A.R.S. § 25-324.A

## CONCLUSION

**¶22**      For the foregoing reasons, we affirm in part, reverse in part and remand for proceedings consistent with this decision.  Mother requests attorney fees on appeal pursuant to A.R.S. § 25-324 "based on the same unreasonable positions [Father] has taken and his actions in this litigation." In our discretion, we decline her request for an award of fees.

