NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CHEMAYNE B. SCHECTER, *Petitioner/Appellee,*

*v.*

BERNARD T. CASSIDY, *Respondent/Appellant.*

No. 1 CA-CV 18-0150 FC
FILED 1-22-2019

Appeal from the Superior Court in Maricopa County
No. FC2011-052618
The Honorable Roger L. Hartsell, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Michael E. Hurley Attorney at Law, Phoenix
By Michael E. Hurley
*Counsel for Petitioner/Appellee*

Bert L. Roos, P.C., Phoenix
By Bert L. Roos
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**C R U Z**, Judge:

¶1        Bernard Cassidy ("Cassidy") appeals from superior court orders denying Cassidy's petition for modification of child support and for credit against arrearages.  The orders also grant attorneys' fees incurred by Chemayne Schecter ("Schecter").  For the reasons that follow, we affirm the superior court's rulings.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        In 2012, the superior court ordered Cassidy to pay Schecter child support and spousal maintenance, in the amounts of $611.12 per month and $150 per month, respectively.  In 2015, the court denied Cassidy's first petition to modify spousal maintenance and child support, and further ordered "that prior to filing a new petition to modify the support order, [Cassidy] must hire a forensic accountant for his business income for 2013 and 2014, to provide evidence of income for that petition." Two years later, and without complying with the court's order requiring that he engage a forensic accountant, Cassidy filed a new petition for modification of child support and requested a determination of arrearages claiming offsets related to the child's alleged emancipation.

¶3        Notwithstanding the court's 2012 order that support be paid through the Support Payment Clearinghouse and that "[a]ny payment not made through the Support Clearinghouse, including any payment made directly to [Schecter], the child, or anyone else on behalf of the child, will be deemed a gift and not a support payment."  Cassidy claimed he was entitled to child support credit for payments made directly to the minor child.  During testimony, the only reason Cassidy offered for his failure to comply with the court's order to submit support payments through a state

---

[1]     This court views the facts in the light most favorable to sustaining the superior court's order, giving "due regard . . . to the opportunity of the trial court to judge the credibility of witnesses."  Ariz. R. Fam. Law P. 82(A) (2016); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

clearinghouse was his reference to times when his daughters' utilities or internet service were either disconnected or pending service interruption. Cassidy testified that on those occasions he "didn't have enough time to get to the clearinghouse cause [sic] it would take too long and the [utilities] would've been interrupted."

¶4        In addition to the alleged direct payments, Cassidy argued the child did not reside with Schecter from July of 2015 forward and was, therefore, emancipated. As such, Cassidy's argument was that any child support paid by him after July 2015 should be credited toward his child support arrearages owed to Schecter. As support for the proposition that the child was emancipated, Cassidy offered testimony that she had moved into her adult sibling's home, obtained full-time employment and stopped attending school. However, no petition for emancipation was ever filed with the court by the child or either of the parties, nor did Cassidy enter any agreements with Schecter before denying her child support payments for the period he considered the child emancipated.

¶5        At the hearing, Cassidy submitted a document purportedly drafted by the child and her adult sibling, as evidence of his child support payments having been made directly to the child. Cassidy also submitted tax returns as proof of current income to show a change in circumstances justifying a lower support payment order.

¶6        Following the hearing, the court issued a detailed ruling finding Cassidy's testimony not credible, denying his request for child support modification, and for credit towards support arrears. Finally, Cassidy was ordered to pay $750 per month towards child support arrears and $250 per month towards spousal maintenance arrears.

¶7        The court ordered Schecter to file her request for attorneys' fees and costs and ordered a deadline for any response or objection thereto. Despite two extensions of the deadline, Cassidy failed to respond or object to Schecter's request for fees. The court entered an award of attorneys' fees and costs totaling $3,099.50 in favor of Schecter in accordance with Arizona Revised Statutes ("A.R.S.") section 25-324(A)-(B).

¶8        Cassidy has timely appealed. We have jurisdiction in accordance with A.R.S. § 12-2101(B).

## DISCUSSION

¶9        On appeal, we review orders from petitions for modification of child support and arrearage determinations for abuse of discretion. *State*

*ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003) (citation omitted); *Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Burton*, 205 Ariz. at 30, ¶ 14 (citation omitted).

I.      Age of Emancipation

¶10      First, Cassidy argues the court abused its discretion by determining the minor's date of emancipation was her eighteenth birthday, because prior to that date the minor was already living independent of her mother. He cites no authority for this argument and we are not persuaded by it. A.R.S. § 25-503(Q) defines "emancipation" for child support purposes as occurring on the child's marriage, on the child's eighteenth birthday, "when the child is adopted," or "when the child dies." A.R.S. § 25-503(Q). Additionally, a child can request the court issue an emancipation order. A.R.S. § 12-2453. When a child so requests, she must prove by clear and convincing evidence that emancipation is in her best interests. A.R.S. § 12-2453(B); *see also* A.R.S. § 12-2451.

¶11      Cassidy's claim that the child was emancipated prior to her eighteenth birthday is not supported by any evidence that the child met the statutory definition for an emancipated child under A.R.S. §§ 25-503 or 12-2451. Instead, Cassidy relied upon his assumption, as well as that of the child herself and her adult sibling, that the minor emancipated on the day she was "on her own from July 2015," living with her eldest sister and working a full-time job, as definitive proof that emancipation had, in fact, occurred. But contrary to Cassidy's assertions, the court's decision as to the termination date of Cassidy's child support obligation did not hinge upon a determination of the child's age of majority. Instead, the court found the child support obligation ended by operation of law on the last day of the month in which the child, having reached her eighteenth birthday some three months prior, graduated from high school. This finding is consistent with the clear language of A.R.S. § 25-320(F), which requires that support continue to be provided for a child who reaches the age of majority during the period in which the child is actually attending high school.

II.      Credit Toward Child Support Arrears

¶12      Cassidy requested credit of $13,650 for what he deems as direct payments for support of the purportedly emancipated child. During testimony, Cassidy offered into evidence an affidavit itemizing $13,650 expended for the support of the parties' child. That sum was, according to

Cassidy, paid in cash or work value, to either the child's sibling or to the child directly. Cassidy asserts these payments should count as a credit against his child support arrearages. "We 'accept the trial court's findings of fact unless they are clearly erroneous.'" *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004) (citation omitted). A.R.S. § 46-441(H) states:

> Payment of any money directly to an obligee or a person other than the support payment clearinghouse shall not be credited against the support obligation unless the direct payments were ordered by the court, or made pursuant to a written support agreement by the parties.

A.R.S. § 46-441(H).

¶13         The support order specifically stated that any payment not made through the clearinghouse would be deemed a gift and not a support payment. Cassidy testified he was aware of the requirement that support payments be made through the clearinghouse. The court also found Cassidy's testimony to not be credible, and evidence "of his plan and scheme to manipulate and dominate" Schecter.

¶14         Additionally, the superior court found the child's testimony detailing the payments also lacking in credibility, and a reflection of the child's manipulation at the hands of Cassidy. Even if actually made, all of the alleged payments were made in a manner not in accordance with the explicit court order, or A.R.S. § 46-441(H), and the court found no credible evidence was presented proving such payments had ever been made.

¶15         More importantly, one effect of emancipation in Arizona is that it terminates the parents' future child support obligations relating to the emancipated minor. *See* A.R.S. § 12-2454(B)(2). If, as Cassidy argues, the parties' child emancipated at the age of sixteen, Cassidy would not be obligated to pay any further child support thereafter. As a result, any money Cassidy may have spent toward the emancipated child's support would have necessarily been deemed a gift to the child and not properly credited toward a past support debt owed Schecter. Cassidy's request for the court to credit any financial contributions he allegedly made for the child's benefit, from the date of the purported emancipation until her eighteenth birthday, toward Cassidy's past due child support debt to Schecter is inconsistent with the very definition of emancipation. Therefore, the court did not abuse its discretion when it denied Cassidy's request for credit.

III.    Amount of Monthly Payment Toward Arrears

¶16        Cassidy also argues that, given his undisputed evidence of limited income as supported by his testimony and copies of his tax returns for the years 2015 and 2016, the court abused its discretion in setting monthly arrears payments in the amount of $1,000. "The superior court has original jurisdiction in proceedings brought by . . . a party to the case to . . . enforce . . . the duties of support . . . ." A.R.S. § 25-502(A). "The right to collect child-support payments vests when the payments are due." *Alley*, 209 Ariz. at 428, ¶ 7 (citation omitted); *see also* A.R.S. § 25-503(I). When the support installment is due, it takes the form of "a final judgment conclusively establishing the rights and duties of the parties to" the support obligation. *Jarvis v. Jarvis*, 27 Ariz. App. 266, 268 (1976); *see also Alley*, 209 Ariz. at 428, ¶ 7. Because support obligations are considered a final judgment on their due date, a missed payment is a legal debt. *Alley*, 209 Ariz. at 428, ¶ 7.

¶17        Cassidy does not dispute the fact of arrears owed to Schecter, only the monthly payment amount assigned by the court. On this record we cannot find an abuse of discretion in the ordered amount. Although Cassidy testified his income was $12,935 in 2015, and $14,156 in 2016, the superior court found Cassidy's testimony was not credible. As a result of earlier proceedings, the court ordered Cassidy to hire a forensic accountant to review his business income as a prerequisite to his filing any new petition to modify the original support order. Cassidy disregarded this order, choosing instead to file his self-prepared tax returns as proof of income. Therefore, it was firmly within the court's discretion to find these disclosures to not be credible proof of his income. In fact, the record shows that similar issues of unreliable reporting by Cassidy were present during the original divorce action between these parties, that he failed to disclose information not favorable to him, and that he was ultimately found to not be credible. Moreover, the arrears payment amount ordered by the court here was not unsupported. The new $1,000 monthly arrears payment obligation is reasonable when considered against the entire record of proceedings and does not represent a substantial increase from Cassidy's previous monthly support obligation. As such, the superior court did not abuse its discretion in setting the monthly payment amount for support arrears.

IV.    Attorneys' Fees

¶18        Although Cassidy did not object to Schecter's request below, he now requests reversal of the court's award of attorneys' fees. "Because

a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal . . . errors not raised in the trial court cannot be raised on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994). A failure to object in the superior court "constitutes a waiver." *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 39 (App. 2011). Cassidy had the opportunity to object to the superior court's grant of attorneys' fees but failed to do so despite receiving two extensions of the filing deadline. As a result of his failure to object in the superior court, he has waived the issue on appeal. Therefore, we affirm the grant of attorneys' fees.

V.      Attorneys' Fees on Appeal

**¶19**      Each party has requested their reasonable attorneys' fees and costs. In the exercise of our discretion we grant Schecter her reasonable attorneys' fees pursuant to A.R.S. § 25-324(A). As the successful party on appeal, Schecter is entitled to an award of her costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶20**      We affirm the orders of the court.



AMY M. WOOD • Clerk of the Court
FILED:  AA

7