NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOHN YURCABA, III, *Petitioner/Appellant*,

*v.*

JOYCE A. YURCABA, *Respondent/Appellee*.

No. 1 CA-CV 20-0450 FC
FILED 4-22-2021

Appeal from the Superior Court in Maricopa County
No.  FC2009-005050
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**REMANDED**

COUNSEL

John Yurcaba, III, North Las Vegas, Nevada
*Petitioner/Appellant*

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

**C R U Z**, Judge:

¶1 John Yurcaba, III ("Husband") appeals from the court's judgment ordering him to continue to pay $1,713 per month towards spousal maintenance arrearages. For the following reasons, we remand for clarification.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Husband petitioned for divorce in 2009, after about twenty-two years of marriage with Joyce A. Yurcaba ("Wife"). Shortly after, a decree of dissolution was entered, which in part ordered Husband to pay spousal maintenance in the amount of $1,713 per month for a period of 138 months commencing April 1, 2010. The decree provided that spousal maintenance was to be non-modifiable as to duration and amount.

¶3 In June 2020, Wife filed a petition to enforce spousal maintenance and spousal maintenance arrears. Wife alleged that Husband owed nearly $50,000 in past-due support. A hearing was held on Wife's petition, and the superior court issued a signed minute entry:

> **IT IS ORDERED** adopting the arrears calculation filed herein and entering judgment in favor of [Wife] and against [Husband] for spousal maintenance arrearages in the principal amount of **$50,420.22** for the time period April 1, 2010 through June 30, 2020 **(this date is the first day of the first month after the end of the time period for the judgment)**. Further, [Wife] is granted a judgment for interest in the amount of **$22,574.11** for the same time period. This interest judgment does not earn additional interest.
>
> **THE COURT FINDS** [Husband] has the ability to pay the sum of **$1,713.00** per month toward spousal maintenance arrears. Therefore,

**IT IS FURTHER ORDERED** [Husband] shall continue to pay the sum of **$1,713.00** per month as and for spousal maintenance arrearages, as ordered on March 19, 2010. [Husband] shall pay by Income Withholding Order a monthly Support Payment Clearinghouse fee which set by Rule, and which is subject to change. Failure to make such payment may result in a finding of contempt which may result in sanctions including incarceration.

**¶4**    The clerk of the superior court subsequently entered an income withholding for support order, deducting from Husband's monthly income $1,713 in spousal support and an additional $1,713 in past-due spousal support, for a total of $3,426. Husband timely appealed. We have jurisdiction pursuant to Arizona Revised Statues ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

**¶5**    As an initial matter, we note that Wife did not file an answering brief, which we may, in our discretion, deem a confession of reversible error. *See McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007). We decline to exercise our discretion to do so.

**¶6**    Husband does not contest that he owes spousal maintenance arrearages in the amount of $50,420.22. Instead, Husband argues that, to the degree the court intended to order that he continue to pay spousal maintenance payments in the amount of $1,713 per month contemporaneously with arrears payments also in the amount of $1,713 per month, it erred. Husband contends he is unable to make monthly payments of $3,426 towards spousal maintenance and arrears, because doing so would cause him financial hardship. Husband alleges that after the hearing, he understood he would be paying a total of $1,713 per month in maintenance and arrears, not twice that. We review rulings on spousal support for an abuse of discretion. *In re the Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983); *see also Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003) (citation omitted).

**¶7**    The superior court ordered that Husband "has the ability to pay the sum of $1,713.00 per month toward spousal maintenance arrears"

and ordered that Husband "continue to pay the sum of $1,713 per month." However, if the court intended to order Husband to continue to pay only a total of $1,713 per month "as and for spousal maintenance arrearages," then the court did not account for Husband's ongoing spousal maintenance obligation. The signed minute entry makes no mention of Husband's current monthly spousal maintenance obligation of $1,713, nor does it make specific findings as to Husband's income and his ability to pay arrears. In fact, the date of the arrears judgment the court referenced concludes on June 30, 2020. However, the period of the original spousal maintenance orders concludes after 138 months, or at the end of September 2021. It is unclear whether the court mistakenly understood the period of spousal maintenance concluded at the end of June 2020. The hearing transcript is not part of the record on appeal. Husband contends that based upon the discussions during the hearing, he expected he would be required to make only a total payment of $1,713 per month. We therefore remand for clarification whether the court intended Husband to make payments of $1,713 per month in total for arrears only; $1,713 per month in combined maintenance and arrears payments; or $1,713 per month in spousal support, and an additional $1,713 per month in arrears for a grand total of $3,426 per month, as stated in the most recent income withholding order the clerk of the superior court issued.

¶8            Husband also asks the court to waive the interest he owes on spousal maintenance arrearages. He argues that he was unaware interest was accruing, the Support Payment Clearing House never told him he was accumulating interest on missed spousal support payments, and the divorce decree did not state that late payments would result in penalties and interest payments. However, support arrearage is a legal debt, and a spouse-creditor "is due interest at the statutory rate based on the date the payment was due," pursuant to A.R.S. § 44-1201. *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 7 (App. 2004). The court is without legal authority to excuse this financial obligation.

¶9            Husband additionally alleges that he and Wife had a verbal agreement that he could make up shortages in spousal support payments at a later date. To the extent Husband is raising equitable defenses to estop Wife from collecting interest, Husband failed to submit the hearing transcript, and so it is unclear if he raised this argument during the hearing. But when an appellant fails to include transcripts or other necessary documents, we assume the missing portions of the record support the superior court's findings and ruling. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(c). The superior court did not err in ordering Husband to pay interest on his support arrearages.

4

## CONCLUSION

¶10　　　For the foregoing reasons, we remand to the superior court for clarification in accordance with this decision.



AMY M. WOOD • Clerk of the Court
FILED:　AA