NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

COLIN WILLIAM DAWSON, *Petitioner/Appellee*,

*v.*

LILVIA RENEE DAWSON, *Respondent/Appellant*.

No. 1 CA-CV 22-0153 FC
FILED 12-29-2022

Appeal from the Superior Court in Maricopa County
No. FN2020-002866
The Honorable Michael Rassas, Judge

**AFFIRMED IN PART, VACATED AND REMANDED IN PART**

COUNSEL

Loose Law Group PC, Scottsdale
By Edward J. Walneck, Michael F. Ruppert
*Counsel for Petitioner/Appellee*

R.J. Peters & Associates PC, Phoenix
By Rich J. Peters
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Peter B. Swann[1] joined.

**P A T O N**, Judge:

¶1 Appellant Lilvia Renee Dawson ("Wife") challenges the superior court's order directing her to reimburse Appellee Colin William Dawson ("Husband") $36,000 in spousal maintenance payments. Wife also challenges the court's ruling denying her interest on maintenance payments that came due after Husband stopped paying in September 2018. For the reasons below, we affirm the reimbursement order but vacate the interest ruling and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶2 Husband and Wife divorced in 2012. The decree granted Wife one half of the community interest in Husband's retirement benefits from the Marine Corps and the Border Patrol. The decree also obligated Husband to pay Wife $2,400 per month in lifetime spousal maintenance. The decree further provided that the spousal maintenance amount "may be reduced" when Wife started receiving monthly distributions from Husband's retirement benefits.

¶3 In October 2015, Husband petitioned to modify several aspects of the decree. In May 2017, the superior court reduced Husband's spousal maintenance obligation to $1,000 per month and stated that it "will be further reduced by the amounts [Wife] receives from the distributions

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

from the [Husband's] Border Patrol and Marine Corps retirements." The court also directed Husband to "submit a new income withholding order to the Clerk of the Court providing for withholding of spousal maintenance as ordered herein."

¶4 In or around September 2018, Husband retired and started receiving retirement benefits. He also stopped paying spousal maintenance because he believed Wife was directly receiving a portion of the benefits. For reasons that are not clear from the record, Wife was not receiving any benefits.

¶5 In February 2020, Wife petitioned to enforce Husband's spousal maintenance obligation, seeking an arrears judgment and interest dating back to September 2018. She also petitioned to modify spousal maintenance but later withdrew that claim. Further, Wife asked the superior court to hold Husband in contempt. While her petition was pending, Husband made a $29,000 spousal maintenance payment. He then made additional spousal maintenance payments totaling $7,000 before trial. Wife then received a lump sum payment from the federal Office of Personnel Management ("OPM") representing her share of Husband's retirement benefits dating back to September 2018. She also began receiving $1,219.58 per month starting in August 2021.

¶6 Husband petitioned for reimbursement of his post-petition spousal maintenance payments. The superior court consolidated the two petitions for trial, and the parties agreed that Husband's spousal maintenance obligation ended on August 1, 2021. Following trial, the court granted Husband's reimbursement request:

> The Court finds that Husband's spousal maintenance obligation was modified when Wife's portion of Husband's pension was set aside and deducted . . . by OPM. While it is unknown exactly what caused the delay in Wife receiving these funds it is clear that it was through no fault of Husband. Wife is not entitled to a windfall where she receives both spousal maintenance and an amount in excess of the spousal maintenance from her monthly share of Husband's pension.

The court also declined to hold Husband in contempt, denied Wife's request for interest, and awarded Husband attorneys' fees under A.R.S. § 25-324(A).

¶7 Wife moved for relief under Arizona Rule of Family Law Procedure ("Rule") 83, which the court denied. Wife filed a notice of appeal

challenging the denial of that motion. The court then entered a signed order finalizing the fee award to Husband. Wife filed a second notice of appeal challenging the fee award and the court's initial ruling on the parties' petitions. We have jurisdiction. A.R.S. § 12-2101(A)(2).

## DISCUSSION

### I. We lack jurisdiction to consider Wife's contempt argument outside of a special action.

**¶8** Wife first contends the court erred by not finding Husband in contempt. Civil contempt rulings can only be challenged in a special action. *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010). While we have discretion to treat Wife's appeal as a petition for special action on this issue, we decline. *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001). As we discuss below, we need not find contempt to hold that Husband owes interest on past-due payments.

### II. The superior court properly resolved the current dispute under the terms of the May 2017 Order, but wife is entitled to interest.

**¶9** Wife next contends the court should have resolved the current dispute under the original decree, not the May 2017 order. As discussed above, the decree states that Husband's spousal maintenance obligation "may be reduced" by the amounts Wife receives from OPM, while the May 2017 order states that Husband's obligation "will be further reduced."

**¶10** Wife contends the court "gives the language in the decree no weight[ ] and modifies 'may' to 'will' without either party requesting such a modification." As noted above, the May 2017 order was the result of Husband's October 2015 petition seeking modifications to, among other things, spousal maintenance. Wife did not appeal the May 2017 order. Her contention that its language conflicts with that of the decree is untimely. ARCAP 9(a); *see In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014) ("[T]his court only acquires jurisdiction over those matters identified in a timely filed notice of appeal.") (citing *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982)).

**¶11** Wife also challenges the superior court's finding that Husband's spousal maintenance obligation was modified when her portion of Husband's pension was "set aside and deducted . . . by OPM." She contends Husband's spousal maintenance obligation did not change until she first *received* funds from OPM. We agree. The May 2017 order states that Husband's obligation "will be further reduced by the amounts [Wife]

4

receives," not the amounts OPM sets aside. Husband's maintenance obligation therefore remained unchanged until Wife received the July 2021 lump sum payment.

¶12          But by the time the superior court ruled on the parties' petitions, Wife also had received $36,000 from Husband and additional OPM payments that exceeded Husband's monthly obligation. Indeed, Husband made a lump sum payment in February 2021 and made monthly payments through August 2021. Wife began receiving her monthly OPM payments in August 2021. Wife acknowledged Husband was not in arrears at trial. We therefore need only decide whether Wife is entitled to interest on those payments Husband did not make between September 2018 and January 2021.

¶13          A support arrearage is a legal debt. *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 7 (App. 2004). The creditor is due interest at the statutory rate based on the date the payments were due. *Id.*; *see* A.R.S. § 44-1201. Because the divorce decree entitled Wife to payments until OPM transmitted funds to her, Husband's failure to pay constituted an arrearage and interest on it remained due. Wife is entitled to interest for payments not made between September 2018 and January 2021. We therefore vacate the superior court's ruling denying Wife's interest claim and remand for further proceedings on that issue.

### III.     Husband Was Not Obligated to File a Separate Petition to Modify Spousal Maintenance.

¶14          Wife next contends Husband failed to file a second petition to modify his spousal maintenance obligation, but it is unclear from the opening brief when Wife believes Husband should have done so. *See* A.R.S. § 25-327(A). She contends the May 2017 order did not "contain sufficient specificity for [her] to have actual notice of when Husband's spousal maintenance obligation would have been modified or terminated." But she agreed, consistent with the terms of the May 2017 order, that Husband's obligation terminated after she received the lump sum payment from OPM.

¶15          Wife also cites *In re Marriage of Sherman*, 2 CA-CV 2019-0084-FC, 2020 WL 4495266 (App. Aug. 4, 2020) (mem. decision) to contend Husband was obligated to file a second petition to modify spousal

maintenance.[2] *Sherman* did not address whether a petition to modify was needed, but rather whether the appellant established a substantial change in circumstances warranting modification of spousal maintenance. *Id.* at *1-*3, ¶¶ 3-4, 12. *Sherman* therefore is not persuasive.

## IV. The Superior Court Did Not Abuse Its Discretion in Granting Husband's Reimbursement Request.

¶16 Wife next contends the court abused its discretion in granting Husband's reimbursement request, arguing that the ruling constitutes a retroactive spousal maintenance modification.

¶17 The May 2017 order awarded Wife $1,000 per month in spousal maintenance. Between Husband's payments and the OPM payments, Wife received more than twice that amount for the months between September 2018 and August 2021. Wife did not offer any legitimate reasons why she should keep the payments from both OPM and Husband. The court did not abuse its discretion in ordering reimbursement.

## V. The Superior Court Did Not Abuse Its Discretion in Awarding Attorney Fees to Husband.

¶18 Wife also challenges the superior court's attorney fee award. Before awarding fees under Section 25-324(A), the court must consider "the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." We review the award for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019).

¶19 Wife contends Husband has significantly more financial resources. But the court awarded Husband fees because it found Wife "was unreasonable in the litigation," and Wife does not challenge that finding on appeal. We therefore find no abuse of discretion. *See Magee v. Magee*, 206 Ariz. 589, 591, ¶ 8, n.1 (App. 2004) ("[A]n applicant need not show both a financial disparity and an unreasonable opponent in order to qualify for consideration for an award.").

---

[2] While memorandum decisions are not precedential, we may consider memorandum decisions issued on or after January 1, 2015 for their persuasive value. Ariz. R. Sup. Ct. 111(c)(1).

## VI.    Attorney Fees and Costs on Appeal

**¶20**      Husband requests his attorney fees incurred in this appeal under Section 25-324(A). Having considered the parties' financial resources and the reasonableness of their positions on appeal, we deny his request. Husband is, on balance, the successful party in this appeal and may recover his taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶21**      We affirm on all issues raised except for Wife's interest claim. We vacate that portion of the superior court's ruling and remand for further proceedings on that issue.

